CHARLEY M. OLIVER, PETITIONER, *v.* LOUIS P. SPITZ, AS DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEVADA, RESPONDENT.

No. 4250

January 7, 1960      348 P.2d 158

*Paul D. Laxalt,* of Carson City, for Petitioner.

*Roger D. Foley,* Attorney General, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

Petitioner became Director of the Drivers License Division of the State of Nevada in January 1954 and continued as such until his dismissal by respondent on July 1, 1959. At the time of his dismissal the Drivers License Division was a division of the Department of Motor Vehicles. Under the Nevada Personnel Act (NRS 284.010–284.430) petitioner as such director was a classified employee, and respondent as his superior officer was the appointing authority of petitioner. The dismissal of petitioner resulted from a letter dated July 1, 1959 written by respondent pursuant to NRS 284.385 specifically setting forth 14 charges of malfeasance and nonfeasance.

The day after his receipt of said letter petitioner requested in writing a hearing before the Advisory Personnel Commission to determine the reasonableness of such action, as provided by NRS 284.390. On August 17, 1959 such hearing was held and on September 14, 1959 the Advisory Personnel Commission made its findings and recommendations which were submitted to respondent stating that the reasons given by respondent for the discharge of petitioner had not been proven. The commission recommended that the petitioner be reinstated

to his former position. More than 30 days elapsed after receipt by respondent of said findings and recommendations, and the respondent took no action with respect to said findings and recommendations. Petitioner then commenced the present proceeding praying that a writ of certiorari or mandamus or both issue commanding respondent to certify to this court a transcript of the record and proceedings concerning petitioner's said discharge, and commanding respondent to reinstate petitioner as Director of the Drivers License Division with pay from the date of said discharge.

The petition is based upon the contention that respondent had no just cause for the discharge of petitioner and that therefore his action in this regard was in excess of his authority and jurisdiction.

Pursuant to the writ of certiorari and mandamus issued by this court the respondent certified his return of the proceedings and has moved to quash the writs and to dismiss this proceeding. With the consent of counsel, all of the issues are considered together.

NRS 284.385 provides:

"1.   An appointing authority may:

"(a) Dismiss or demote any permanent classified employee when he considers that the good of the public service will be served thereby.

"(b) Suspend without pay, for disciplinary purposes, a permanent employee for a period not to exceed 30 days.

"2.   In case of a dismissal or suspension, the director shall be furnished with a statement in writing specifically setting forth the reasons for such dismissal or suspension. A copy of the statement shall be furnished to the employee.

"3.   No employee in the classified service shall be dismissed for religious or racial reasons."

It is not denied by respondent that if a classified employee was dismissed for either religious or racial reasons, the appointing authority would be acting in excess of his legal authority and a writ of mandamus would be proper to compel the reinstatement of the employee to the office to which he is entitled. Yet in

neither case does the statute expressly provide that the form of application for relief by such an aggrieved employee could be by mandamus.

The main question involved is whether or not the rules as promulgated by the Director of the State Department of Personnel pursuant to NRS 284.155 and as approved by the Advisory Personnel Commission have the same force and effect as the applicable statutes. It is conceded that if any rules are inconsistent with the act they would not have the force and effect of law. On the other hand if they are consistent, they have such force and effect by statute.

NRS 284.155 provides that the director of the state department of personnel, with the approval of the commission, shall prescribe a code of rules and regulations for the classified service which "shall have the force and effect of law." Such rules would have the force and effect of law even though the legislature had not so prescribed (State ex rel. Richardson v. Board of Regents, 70 Nev. 144, 261 P.2d 515) and the commission probably would have the power to adopt rules and regulations without specific statutory authority. 73 C.J.S., sec. 93, p. 411.

Section 10.05 of the rules adopted pursuant to the last mentioned statute provides that "employees in the classified service may be dismissed, demoted or suspended without pay for just cause. When an employee in the classified service is unwilling to perform the duties of his position in a satisfactory manner or has committed any act or acts to the prejudice of the public service, or has omitted to perform any act or acts it was his duty to perform or who has ceased to reside in the State of Nevada or whose service rendered is below satisfactory standards or who otherwise has become subject to disciplinary or other corrective measures, the appointing authority shall have the power and it shall be his duty to take action, subject to the provisions of these rules * * * to dismiss the employee from the public service."

Thus we must determine whether Section 10.05 of the

rules requiring just cause for dismissal is consistent with NRS 284.385 which authorizes dismissal when the appointing authority considers that the good of the public service will be observed thereby.

"* * * only in a clear case will the court interfere and say that * * * a rule or regulation is invalid because it is unreasonable or because it is in excess of the authority of the agency promulgating it. Moreover, an administrative rule or regulation must be clearly illegal, or plainly and palpably inconsistent with law, or clearly in conflict with a statute relative to the same subject matter, such as the statute it seeks to implement, in order for the court to declare it void on such ground.

"It is only where an administrative rule or regulation is completely without a rational basis, or where it is wholly, clearly, or palpably arbitrary, that the court will say that it is invalid for such reason." 73 C.J.S., sec. 104(a), p. 424.

Furthermore acquiescence by the legislature in promulgated administrative rules made pursuant to express authority may be inferred from its silence during a period of years. Norwegian Nitrogen Co. v. United States, 288 U.S. 294, 313, 53 S.Ct. 350, 77 L.Ed. 796. It is to be noted that the rules were promulgated in 1954, and that there have been three sessions of the legislature since then.

The rule requiring just cause in no way violates or defeats the spirit and declared purposes of the statute. See Bird & Jex Co. v. Funk, 96 Utah 450, 85 P.2d 831. The legislative declaration of purpose is specified in NRS 284.010,[1] and Rule 10.05 is in furtherance of each purpose stated under Section 1 thereof.

We thus conclude that Rule 10.05 is consistent with the statute and precludes respondent from dismissing petitioner without just cause.

---

[1]Sec. 1 of NRS 284.010 reads as follows: "The legislature declares that the purpose of this chapter is: (a) To provide all citizens a fair and equal opportunity for public service; (b) To establish conditions of service which will attract officers and employees of character and ability; (c) To establish uniform job and salary classifications; and (d) To increase the efficiency and economy of the governmental departments and agencies by the improvement of methods of personnel administration."

We must now consider whether or not there was just cause for petitioner's dismissal.

Reasons for the dismissal of petitioner were specifically set out in said letter of dismissal. As heretofore stated the Advisory Personnel Commission conducted a hearing on the charges. The hearing before the commission was in the nature of a judicial proceeding. Witnesses for the petitioner and for the respondent were sworn, examined, and cross-examined. After the hearing and consideration of the evidence for and against the dismissal, the commission made a finding that the reasons given by respondent for petitioner's dismissal had not been proven. In other words the commission found that there was no just cause for dismissal.

The commission is charged with the administration of the act. It has adopted rules pursuant to the authority given it by the legislature. It has construed the evidence in this case to be insufficient, under the statute and said rules, to justify petitioner's dismissal.

An administrative construction which is within the language of a statute and the rules promulgated thereunder should not be lightly disturbed by the courts, particularly a construction by the agency charged with its administration when such construction is intended to advance the purposes of a statute. Brewster v. Gage, 280 U.S. 327, 336, 50 S.Ct. 115, 74 L.Ed. 457; Norwegian Nitrogen Co. v. United States, supra; Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397.

It is therefore our conclusion that the action of respondent in disregarding the commission's finding that there was no just cause for dismissal, and in refusing to follow the commission's recommendation that petitioner be reinstated to his former position is subject to judicial review, because removal for just cause means "cause sufficient in law." State ex rel. Richardson v. Board of Regents, 70 Nev. 347, 269 P.2d 265. We have read the record and see no reason to disagree with the commission's findings. While it is true that Section 2 of NRS 284.395 provides that the appointing authority,

not later than 30 days after receipt of the findings and recommendations "may reinstate the employee with or without pay for the period of suspension," we construe the discretionary provisions of this section as not being applicable to the situation where a classified employee has been dismissed without just cause any more than they would be applicable in cases of dismissal for racial or religious reasons.

Where no legal cause for dismissal has ever existed, an employee is entitled to full pay on reinstatement. State Board of Equalization v. Superior Court, 20 Cal.2d 467, 127 P.2d 4.

Respondent's motion to quash the writ of certiorari and mandamus is denied, and it is ordered that a peremptory writ of mandamus issue directing respondent to reinstate petitioner as Director of the Drivers License Division of the Motor Vehicle Department with pay for the period of suspension.

PIKE, J., and GEORGETTA, D. J., concur.

BADT, J., having voluntarily disqualified himself, the Governor assigned Honorable Clel Georgetta of the Second Judicial District to sit in the case.