CLARK COUNTY SCHOOL DISTRICT, Appellant, *v.* LOCAL GOVERNMENT EMPLOYEE–MANAGEMENT RELATIONS BOARD, Respondent.

No. 7470

WASHOE COUNTY TEACHERS ASSOCIATION, Appellant, *v.* WASHOE COUNTY SCHOOL DISTRICT, Respondent.

No. 7597

December 23, 1974                    530 P.2d 114

[Rehearing denied January 29, 1975]

Attorneys for Clark County case:

*Robert L. Petroni,* of Las Vegas, for Clark County School District.

*I. R. Ashleman, II,* of Las Vegas, Amicus Curiae, for Appellant.

*Hilbrecht, Jones & Schreck,* of Las Vegas, for Respondent.

Attorneys for Washoe County case:

*Paul H. Lamboley,* of Reno, and *Robert H. Chanin,* National Education Association, of Washington, D.C., for Appellant.

*Woodburn, Wedge, Blake, Folsom, Forman and Hug,* and *C. Robert Cox,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

*CLARK COUNTY CASE:*

In 1969 the Nevada Legislature enacted NRS 288.150 and in 1971 amended that act, the composite of which was designed to give bargaining rights to public employees. They do not, however, have the right to strike. NRS 288.230(2).

Within the mechanism of the act is provided a Local Government Employee-Management Relations Board (NRS 288.-080(1)) to "hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any local government employer or employee organization . . ." NRS 288.110. The provisions of the statute pertinent to the issues of this appeal are:

"288.150 Negotiations by employer with recognized employee organization concerning wages, hours and conditions of employment; rights of employer without negotiation.

"1. It is the duty of every local government employer, except as limited in subsection 2, to negotiate in good faith through a representative or representatives of its own choosing concerning wages, hours, and conditions of employment with the recognized employee organization, if any, for each appropriate unit among its employees. If either party requests it, agreements so reached shall be reduced to writing. Where any officer of a local government employer, other than a member of the governing body, is elected by the people and directs the work of any local government employee, such officer is the proper person to negotiate, directly or through a representative or representatives of his own choosing, in the first instance concerning any employee whose work is directed by him, but may refer to the governing body or its chosen representative or representatives any matter beyond the scope of his authority.

"2. Each local government employer is entitled, without negotiation or reference to any agreement resulting from negotiation:

(a) To direct its employees;

(b) To hire, promote, classify, transfer, assign, retain, suspend, demote, discharge or take disciplinary action against any employee;

(c) To relieve any employee from duty because of lack of work or for any other legitimate reason;

(d) To maintain the efficiency of its governmental operations;

(e) To determine the methods, means and personnel by which its operations are to be conducted; and

(f) To take whatever actions may be necessary to carry out its responsibilities in situations of emergency.

"Any action taken under the provisions of this subsection shall not be construed as a failure to negotiate in good faith."

In 1971 the Clark County School District refused to negotiate the question relating to daily classroom preparation time on the ground that under Section 2 of the statute those items were not subject to negotiation because they were policy matters and therefore exclusively within the purview of the school district. A hearing before the Employee-Management Relations Board (hereinafter referred to as EMRB) was held and witnesses testified to the nature, need and mechanics of classroom preparation and the value of classroom limitations after which the EMRB ruled that preparation time was a negotiable issue within NRS 288.150 because:

1. Preparation time affects a teacher's effectiveness and the achievement of the students.

2. Denial of preparation time extends a teacher's work day and affects wages as such time is uncompensated.

3. Preparation time is significantly related to wages, hours, and working conditions and is negotiable, even though said matters also relate to questions of management prerogative in terms of scheduling and administration.

On petition for review sought by the school district the district court upheld the EMRB. The school district appeals the ruling that preparation time is a negotiable subject. The appellate contentions concern the intent and meaning of this labor statute.

The appellant's interpretation of the act would render NRS 288.150 a nullity. The fact of the enactment of the legislation in itself evidences legislative intent that the statute serve a purpose and the stated purpose is to grant public employees a right that they did not have before which was to bargain collectively.

It is not conceivable that the legislature would give its extensive time and attention to study, draft, meet, hear, discuss and pass this important piece of legislation were it not to serve a useful purpose. For this court to hold that any item even though remotely relevant to management policy is beyond

the pale of negotiation defeats the purpose of the legislation. Many matters involved in a teacher's work day bear somewhat on management policy and at the same time are inextricably linked to wages, hours and conditions of employment. What the legislature gave was not intended to immediately be taken away.

That teachers prepare themselves in order to transmit their fountain of knowledge to the students is a managerial policy. The employer "directs" the teacher to comply with that policy. NRS 288.150(2)(a) is fulfilled. In doing so time spent in study preparing the lectures and documenting them are necessarily involved. This means wages, hours and conditions of employment are significantly enmeshed with the requirement to be prepared. The statutory power reserved in the employer to direct its employees as provided in Section 2(a) of the act is not thereby diluted because the employer retains the right to make certain that the teacher prepares adequately and competently, in short, the right to "direct" the employee as required by NRS 288.150(2)(a).

A precise determination of the distinctions between Section 1 as subtracted by Section 2 cannot be divined. That is the function of the EMRB. Unless the board should act arbitrarily, unreasonably or capriciously beyond administrative boundaries the courts must give credence to the findings of the board. An agency charged with the duty of administering an act is impliedly clothed with power to construe it as a necessary precedent to administrative action. Oliver v. Spitz, 76 Nev. 5, 348 P.2d 158 (1960); Oklahoma Real Estate Commission v. National Business & Property Exchange, 238 F.2d 606 (10th Cir. 1956); Utah Hotel Co. v. Industrial Commission, 151 P.2d 467 (Utah 1944). Indeed, NRS 288.110 charges the board with that responsibility and great deference should be given to the agency's interpretation when it is within the language of the statute. Oliver v. Spitz, supra, at 10; Udall v. Tallman, 380 U.S. 1, at 16 (1965).

In this case the EMRB concluded that the applicable standard to reconcile Sections 1 and 2 is that the government employer be required to negotiate if a particular item is found to *significantly* relate to wages, hours and working conditions even though that item is also related to management

prerogative. The standard and the findings thereon are reasonable. Since NRS 288.110 gives the board power to hear and *determine* any complaint arising out of the interpretation of the statute the board's conclusion was properly upheld by the trial court.

Affirmed.

### WASHOE COUNTY CASE:

The present case was brought before the district court to review a decision of the Employee-Management Relations Board, the administrative agency with control over NRS 288.150 of the Nevada Local Government Employee-Management Relations Act. The EMRB, as the board is called, held that where an item significantly affects wages, hours or conditions of employment it is subject to mandatory negotiation notwithstanding the limitations of Section 2 of NRS 288.150.

Our decision of Clark County School District v. Local Government Employee-Management Board, supra, upholds the standard applied by the EMRB in effect ruling that the legal principles of judicial tests of administrative bodies apply.

The question in that case was whether or not classroom preparation time was a negotiable item. The supreme court had upheld the EMRB and the district court but the trial court in this case overruled the EMRB. The questioned issues here are:

1. *Class size* (dealing with the maximum number of pupils per class).

The EMRB found this proposal negotiable on the ground that class size is significantly related to wages, hours, and working conditions inasmuch as student density directly affects a teacher's workload including the required hours of preparation and post-class evaluation; affects the teacher's control and discipline problems; affects the teacher's teaching and communication techniques; and affects the total amount of work required for a fixed compensation.

2. *Professional improvement* (dealing with (a) in-house workshops, conferences and after-hour courses, and (b) partial tuition payment for summer school courses taken by the professional staff).

The board found that professional improvement is significantly related to working conditions since it directly affects career opportunities within the profession as well as the

teacher's ability to more effectively produce meritorious results in the classroom.

3. *Student discipline.* The proposal of the employees would regulate the treatment of students causing disciplinary problems.

The board upheld the negotiability of this request on the ground that the matter of student discipline is significantly related to a teacher's working conditions.

4. *School calendar* (dealing with the length and structure of the teacher work year).

The board found this proposal negotiable on the ground that the selection of those days that a teacher must work in a given school year is significantly related to the teacher's working conditions and the amount of work the teacher is expected to perform for a fixed compensation.

5. *Teacher performance* (dealing with the manner in which teacher work performance is evaluated).

· The board found this proposal negotiable on the ground that the evaluation of a teacher's performance is significantly related to a teacher's working conditions inasmuch as the evaluation affects transfer, retention, promotion and the compensation scale.

6. *Differentiated staffing* (dealing with the establishment of a joint district-association study committee to consider the feasibility of new teacher assignment methods (e.g., team teaching, whereby several teachers are responsible for a large group of students) prior to implementation by the district, provision for fees for consultants to assist the joint study committee, and negotiations concerning the impact upon wages, hours and conditions of employment of any such program subsequently implemented by the district).

The EMRB found this proposal negotiable on the ground that any plan of differentiated staffing which categorizes teachers on the basis of competency, experience, responsibility and other factors, affects wages, hours and working conditions of individual teachers relative to their peers.

7. *Teacher load* (dealing with teacher preparation time, number of classes, number of different assignments, compensation for substitute teaching by fulltime teacher, and time for curriculum development and parent conferences).

The EMRB found this proposal negotiable on the ground that where a teacher works, the amount of work done and the kind of work done is part of a teacher's working conditions. The remuneration for overtime for extra work assignments is a matter of wages and hours.

8. *Instructional supplies* (dealing with periodic conferences between the association and the district to discuss the selection and use of textbooks and other teaching equipment, and the creation of teacher reference libraries).

The EMRB found this proposal negotiable on the ground that the amount, type, quality and availability of instructional supplies affects the ability of a teacher to discharge his work properly and is significantly related to the teacher's working conditions and sometimes to hours.

The district court held all of the foregoing proposals are nonnegotiable as being within some or all of the appropriate exclusions of Subsection 288.150(2).

1. The enumerated managerial prerogatives of NRS 288.-150(2) reserve policies to management, both in control over employee conduct and operation of the school system. However, none of the requests materially dilute the stature of the employer.

The employer's right to "direct" its employees, NRS 288.-150(2)(a), is not at all contravened. The teachers will continue to be obligated to perform their duties within the policy framework established by the school district.

NRS 288.150(2)(b) and (2)(c) retain the employer's right of discipline against any employee for infractions or non-performance of their duties. None of the items requested to be negotiated by the association transcend those provisions.

The employer's prerogative to "maintain the efficiency of its governmental operation" of NRS 288.150(2)(d) is not at cross purposes with the requested subjects in dispute. To the contrary, operational efficiency is enhanced when labor and management are in accord on the vital factors of wages, hours and conditions of employment. None of the disputed requests negate the setting of policy.

2. The "significantly related" standard adopted by the EMRB is a reasonable guideline if reasonably applied, and it is safe to suppose that it usually will be. The public interest requires peace and harmony in the academic community.

The association's request that certain questions be at least discussed in their negotiations was not unreasonable. Discussion alone does not guarantee their adoption. We uphold the findings of the EMRB and reverse the trial court.

Reversed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.