SIERRA PACIFIC POWER COMPANY, A NEVADA CORPORATION, APPELLANT, *v.* THE DEPARTMENT OF TAXATION, AN ADMINISTRATIVE AGENCY OF THE STATE OF NEVADA; JEROME MACK, CHAIRMAN, ROBBINS CAHILL, RUBY DALTON, EVELYN GEROW, IRA KENT, SEBASTIAN MIKULICH AND HOWARD WINN, AS MEMBERS OF THE NEVADA TAX COMMISSION, RESPONDENTS.

No. 10481

March 14, 1980            607 P.2d 1147

*Lionel Sawyer & Collins,* and *Richard G. Campbell,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, *Tudor Chirila* and *Brooke Nielsen,* Deputy Attorneys General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Sierra Pacific Power Company purchases fuel oil which it uses to produce electricity sold to residential users. It seeks a declaratory judgment that those purchases are exempt from the Sales and Use Tax of Nevada Revised Statutes 372.300, under

the designation "Domestic Fuels".[1] The domestic fuels exemption provides:

> There are exempted from the taxes imposed by this chapter the gross receipts from the sale, furnishing of, service of, and the storage, use or other consumption in this state of any matter used to produce domestic heat by burning, including, without limitation, wood, coal, petroleum and gas.

The sole issue in this case concerns the interpretation of the statutory language "any matter used to produce domestic heat by burning". The trial court upheld the contention of the Department of Taxation that the word "domestic" limits the exemption to fuel burned to produce heat for homes, households or hotels, or other similar purposes directly related to residential quarters, and does not include fuel burned to produce heat for commerical, industrial or governmental purposes. The trial court concluded that the burning of fuel while in the power company's electric generation facilities is for a commerical or industrial purpose. We agree.

The power company argues that its purchase of fuel oil starts a continuous process that ends in "domestic" use: from purchase, to conversion into electricity, to transmission through power lines, to domestic use. The power company asserts that its purchases, therefore, fall within the domestic fuel exemption.

As a general rule, tax exemptions are strictly construed. Bingler v. Johnson, 394 U.S. 741, 752 (1969); Kunes v. Samaritan Health Service, 590 P.2d 1359 (Ariz. 1979). There is a presumption that the state does not intend to exempt goods or transactions from taxation. Thus, the one claiming exemption must demonstrate clearly an intent to exempt. Clark County Sports Enterprises, Inc. v. City of Las Vegas, 96 Nev. 167, 606 P.2d 171 (1980). Any reasonable doubt about the applicability of an exemption must be construed against the taxpayer. Matter of 711 Motors, Inc., 547 P.2d 1343 (Hawaii 1976).

In this case, the power company has failed to prove that the legislature intended to exempt its purchases of fuel oil. Great deference should be afforded to an administrative body's interpretation when it is within the language of the statute. Clark County School District v. Local Government, 90 Nev. 442, 530

---

[1] An identical exemption is found in the Local School Support Tax Law, NRS 374.305, and is incorporated by reference into the City-County Relief Tax, NRS 377.040(2).

P.2d 114 (1974); Keller v. Thompson, 532 P.2d 664 (Hawaii 1975). A distinction between the manufacture and the use has been recognized by the Department for 18 years as two steps—the creation of the energy, then the transmission and use. The Department has never extended the exemption to a public utility. Instead, the exemption has been restricted to fuels burned at residential locations to produce domestic heat. We agree with the interpretation adopted by the Department.

Moreover, legislative acquiescence to the agency's reasonable interpretation indicates that the interpretation is consistent with legislative intent. Oliver v. Spitz, 76 Nev. 5, 348 P.2d 158 (1960); Salt Lake City v. Salt Lake County, 568 P.2d 738 (Utah 1977). The legislature has had ample opportunity to amend the Sales and Use Tax if it disagreed with the interpretation given by the Department. It has not done so, and it would be improper for this court to legislate the change.

Accordingly, the judgment of the district court is affirmed.

MOWBRAY, C. J., THOMPSON, GUNDERSON, and MANOU-KIAN, JJ., and ZENOFF, SR. J.,[2] concur.