CITY OF RENO, NEVADA, A MUNICIPAL CORPORATION, APPELLANT, *v.* RENO POLICE PROTECTIVE ASSOCIATION; RENO FIRE FIGHTERS LOCAL NO. 731, I.A.F.F., RESPONDENTS.

No. 13735

CITY OF RENO, NEVADA, A MUNICIPAL CORPORATION, APPELLANT, *v.* THE RENO POLICE PROTECTIVE ASSOCIATION, AND RENO FIRE FIGHTERS, LOCAL 731, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, RESPONDENTS.

No. 13737

November 12, 1982                    653 P.2d 156

*Louis S. Test,* City Attorney, and *John R. Petty,* Assistant City Attorney, Reno, for Appellant.

*Paul H. Lamboley* and *John N. Schroeder,* Reno, for Respondents.

## OPINION

*Per Curiam:*

During the course of collective bargaining by the Reno Police Protective Association (RPPA) and the City of Reno (City) over the terms of the fiscal year 1980-81 labor agreement, the City refused to negotiate discharge and disciplinary procedures. As a result, the RPPA filed a complaint against the City before the Local Government Employee-Management Relations Board (EMRB) on the ground that the City had failed to negotiate in good faith concerning mandatory subjects of bargaining pursuant to NRS 288.150(2).[1] The Reno Fire Fighters Local No. 731, I.A.F.F. (Fire Fighters) was permitted, without objection, to intervene in this proceeding. The City had previously negotiated discharge and disciplinary procedures with the Fire Fighters but issues remained which are the subject of the instant action.

---

[1]NRS 288.150(2) provides:

> The scope of mandatory bargaining is limited to: . . . (i) Discharge and disciplinary procedures.

Pursuant to NRS 288.110, the EMRB conducted a hearing to consider the RPPA's charges against the City.[2] During the hearing, the City took the position that it was justified in refusing to negotiate these procedures because they were expressly declared to be non-negotiable under the Reno City Charter.[3] The City invoked the Charter as having preempted the provisions of NRS ch. 288. The EMRB rejected the City's argument and concluded that discharge and disciplinary procedures are mandatory subjects of negotiation under NRS 288.150(2). Furthermore, the EMRB ordered the City to begin bargaining with the RPPA in regard to these procedures.

The City refused to comply with the EMRB's decision or seek judicial relief so the RPPA sought a writ of mandamus (Case No. 13735), compelling the City to honor the decision. Once again, the Fire Fighters moved to intervene, and the lower court granted the motion.

Shortly after the RPPA brought its action for mandamus, the City brought suit against both the RPPA and the Fire Fighters for declaratory relief (Case No. 13737), on the ground that the Reno City Charter preempted portions of NRS ch. 288. Both the RPPA and the Fire Fighters moved to have the City's action dismissed.

In due course, the district court entered orders in the respective cases. In Case No. 13735, the request for mandamus against the City was granted and in Case No. 13737 the City's declaratory relief action was dismissed. The City now appeals both of these orders on the sole ground that the EMRB exceeded its jurisdiction when it interpreted portions of the Reno City Charter in rendering its decision. Since we do not agree, we affirm the decisions of the district court.

We have consistently held that "[a]n agency charged with the duty of administering an act is impliedly clothed with power to construe it. . . ." Clark Co. Sch. Dist. v. Local Gov't, 90 Nev. 442, 446, 530 P.2d 114 (1974); *see also,* Oliver v. Spitz, 76 Nev. 5, 348 P.2d 158 (1960). In the present case, after hearing and considering all the evidence, the EMRB merely deferred to NRS ch. 288, the statute under which it operates. While the EMRB did discuss the Reno City Charter in its decision, our

[2]The EMRB was established to

> hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any local government employer, local government employee or employee association.

NRS 288.110.

[3]1971 Nev. Stat. ch. 662 as amended by 1979 Nev. Stat. ch. 373.

review of that decision reveals that the board only did so because the City placed its Charter in issue by relying on it as justification for its refusal to bargain with the RPPA. The EMRB did not interpret the Charter. In its determination, it simply rejected the argument proffered by the City and found that NRS 288.150(2)(i) clearly mandates negotiations of discharge and disciplinary procedures. Since NRS 288.110 gives the EMRB power to hear and determine any complaint arising out of the interpretation of the statute, the district court properly granted respondents' petition for mandamus compelling the City to comply with the EMRB's decision.

Although appellant phrases the issue on appeal as one of jurisdiction, we believe the threshold question is whether the Reno City Charter preempts the statute enacted by the legislature, NRS ch. 288. "Where there is a conflict between a general law enacted by the legislature and a charter provision, the general law is superior to and supersedes the charter provision." State *ex rel.* Guthrie v. City of Richmond, 494 P.2d 990, 991 (Wash. 1972). *See also,* Pontiac Police Officers Ass'n v. City of Pontiac, 246 N.W.2d 831 (Mich. 1976). We have also held that allowances provided by the general laws of the state may not, absent a special dispensation of the legislature, be prohibited by local ordinances. Lamb v. Mirin, 90 Nev. 329, 333, 526 P.2d 80 (1974). Here, no such dispensation has been granted by the legislature. Accordingly, we conclude that the provisions of NRS 288.150(2)(i) prevail over the Charter, and therefore the district court properly granted respondents' motion to dismiss the City's declaratory relief action.

We affirm the orders of the district court.