RENO POLICE PROTECTIVE ASSOCIATION AND JOSEPH C. BUTTERMAN, Appellants, v. CITY OF RENO, Respondent.

No. 15980

March 25, 1986                                    715 P.2d 1321

---

[4]The Honorable Richard Bryan, Governor, designated the Honorable Thomas A. Foley, District Judge of the Eighth Judicial District, to participate in this case. Nev. Const., art. 6, § 4.

*Patrick D. Dolan,* and *Paul H. Lamboley,* Reno, for Appellants.

*Robert L. Van Wagoner,* City Attorney; *Robert L. Groves,* Assistant City Attorney, Reno, for Respondent.

## OPINION

*Per Curiam:*

Joseph C. Butterman appeals the district court's decision affirming that portion of the Employee-Management Relations Board's (EMRB) decision finding that Butterman's demotion from sergeant to patrolman did not violate NRS ch. 288. We reverse.

Butterman was a police officer in the Reno Police Department since September 2, 1971. On March 3, 1980, the Department promoted him to the rank of sergeant. His status as a promotional probationary sergeant was one year. At all times relevant to this

appeal, Butterman was a member and the president of the Reno Police Protective Association (RPPA).[1]

1. On May 30, 1980, the City Manager demoted Butterman from sergeant to patrolman. Butterman's demotion was based upon his alleged mishandling of an investigation of a May 4, 1980 incident at a bar in Reno. The incident involved an off-duty policeman who hit a patron. The City disciplined the other probationary officers who were involved in the incident. The other three officers, including Butterman's immediate supervisor, were suspended for either three or twenty days without pay. Butterman was the only officer who was demoted.

Butterman and the RPPA filed concurrent actions with the district court and the EMRB.[2] Butterman claimed that the City's action constituted an unfair labor practice and violated NRS 288.270(1)(a), (c) and (f).[3] With respect to Butterman's claim, the district court deferred to the EMRB's jurisdiction for initial action, but reserved jurisdiction to review the EMRB decision.

---

[1]The RPPA is the local government employee organization which is the exclusive bargaining representative of certain bargaining units in the Reno Police Department. As president of the RPPA, Butterman engaged in collective bargaining negotiations with the City for the fiscal year 1980-1981. Since January, 1980, he was a member of the negotiating committee of the RPPA. Negotiations with the City grew difficult and strained in the spring of 1980. Beginning in March, 1980, there were discussions of the RPPA affiliating with Teamsters Local No. 955. Apparently, the City was strongly opposed to this association, as the Chief of Police commented on TV that he thought the RPPA was smarter than to affiliate with the teamsters. On May 29, 1980, Butterman publicly expressed strong views in support of RPPA's demands, including statements critical of the policies and administration of the City and of the Reno Police Department.

[2]The RPPA's action against the City was also for violation of NRS ch. 288. The RPPA contended that the City unlawfully refused to bargain in good faith and participate in advisory fact-finding. The district court granted the RPPA injunctive relief and ordered the City to participate in advisory fact-finding. The EMRB also found that the City's conduct violated NRS 288.200 and NRS 288.270(1)(e) and constituted an unfair labor practice. This portion of the EMRB decision and the district court's decision was not appealed.

[3]NRS 288.270 provides in relevant part:

1. It is prohibited practice for a local government employer or its designated representative willfully to:

(a) Interfere, restrain or coerce any employee in the exercise of any right guaranteed under this chapter.

* * *

(c) Discriminate in regard to hiring, tenure or any term or condition of employment to encourage or discourage membership in any employee organization.

* * *

(f) Discriminate because of race, color, religion, sex, age, physical or visual handicap, national origin or because of political or personal reasons or affiliations.

The EMRB held that the City's action did not constitute an unfair labor practice and upheld the City's demotion of Butterman.

Butterman filed a Request for Judicial Review of this part of the EMRB's decision. Butterman also filed an amended complaint in the district court alleging statutory and constitutional violations of his rights which were not considered by the EMRB. The district court granted the City's motion to dismiss this first amended complaint. Finding that there was substantial evidence to support the EMRB's decision, the district court upheld that decision. Butterman appeals these decisions.

2. As a threshold matter, we reject the City's contention that as a probationary employee Butterman has no right to appeal the City's action. The City relies upon the Reno City Charter and the Reno Civil Service Commission Rules and Regulations for this proposition.

NRS 288.270(1)(a) and (c) provide that it is a prohibited practice for a local government employer to interfere with an employee's right to engage in union activities or discriminate with regard to any term or condition of employment. NRS ch. 288 permits an aggrieved employee to challenge the propriety of the local governmental employer's action before the EMRB. Where there is a conflict between a general law enacted by the legislature and a charter provision, the general law is superior and supersedes the charter provision. City of Reno v. Reno Police Prot. Ass'n, 98 Nev. 472, 653 P.2d 156 (1982). Butterman has a right to appeal the City's action pursuant to NRS ch. 288.

3. Butterman contends that the EMRB's decision is not supported by the record and is therefore clearly erroneous. Butterman argues that even if the EMRB's findings are accepted as true, that the City's reasons for the disparate treatment are neither significant nor substantial under any criteria. Butterman claims that the City's grounds for demoting him do not pass the test of reasonableness in light of the factual circumstances and protected rights at issue in this case. We agree.

An aggrieved employee must make a prima facie showing sufficient to support the inference that protected conduct was a motivating factor in the employer's decision. *See,* N.L.R.B. v. Transportation Management Corp., 462 U.S. 393 (1983). Once this is established, the burden of proof shifts to the employer to demonstrate by a preponderance of the evidence that the same action would have taken place even in the absence of the protected conduct. *Id.* The aggrieved employee may then offer evidence that the employer's proffered "legitimate" explanation is

pretextual and thereby conclusively restore the inference of unlawful motivation. N.L.R.B. v. United Sanitation Service, 737 F.2d 936 (11th Cir. 1984). Under the Reno City Charter and Civil Service Commission Rule IX, Section 3 a promotional probationary employee, such as Butterman, may only be demoted upon a showing of unsatisfactory performance, *i.e.*, for cause.

The City advanced the following reason to justify Butterman's demotion arising from the incident at the bar: specifically, that Butterman had cancelled a case number assigned to a criminal report and that he had failed to inform his immediate supervisor that the victim wished to file a criminal complaint. There was testimony adduced that it was not unusual to remove a case number from a criminal report. The record shows that Butterman informed his immediate supervisor that he had cancelled the case number. The record also reveals that there was no established operating procedure in such situations.

The victim was never denied the opportunity to file a criminal complaint. Butterman's actions did not prejudice the victim's ability to file a criminal complaint. Overall, the EMRB found that this was a "unique incident" in which proper police procedures were unclear and not agreed upon.

Two days prior to his demotion, Butterman had received an exemplary job performance evaluation that stated his performance as sergeant since his promotion was "above average" in almost all respects. The City failed to demonstrate that Butterman's job performance was unsatisfactory and that the City demoted Butterman for a legitimate business reason. We conclude that the City failed to meet its burden of proof.

We therefore find that the EMRB's decision is clearly erroneous. *See,* Apeceche v. White Pine Co., 96 Nev. 723, 615 P.2d 975 (1980). We also find that the district court's decision upholding the challenged portion of the EMRB's decision is also clearly erroneous.

We reverse the judgment of the district court and remand with instructions that Butterman be reinstated to the rank of sergeant and that he receive all salary and emoluments, including pension rights, due him from May 30, 1980 to the date of his reinstatement. This award shall be offset by the salary and emoluments Butterman has already received during this period.[4]

---

[4]Our decision here renders moot Butterman's concurrent action in the district court. Therefore, we need not address those assignments of error relating to that action raised on appeal.