

Peter F. Koppe, Las Vegas, Nev., for debtor.

Brian McKay, Deputy Atty. Gen., Carson City, Nev., for State.

## MEMORANDUM AND ORDER ALLOWING PROOF OF CLAIM

ROBERT CLIVE JONES, Chief Judge.

The Debtor, Roger Paul Ward ("Ward"), filed a petition under Chapter 13 of the Bankruptcy Code on February 19, 1985. Ward is licensed as a chiropractor by the Nevada State Board of Chiropractic Examiners under Chapter 634 of the Nevada Revised Statutes.

The Nevada State Department of Taxation ("Department") filed a proof of claim in the amount of $18,466.59 for sales taxes which, the Department contends, Ward should have collected and paid to the state on the sale of vitamins, minerals and herbs to his patients. Ward has objected to the Department's proof of claim, asserting that he is exempt from the payment of tax on such sales under Nev.Rev.Stat. 372.283. That statute provides in relevant part:

1. There are exempted from the taxes imposed by this act the gross receipts from sales and storage, use or other consumption of:

. . . .

(d) Medicines:

(1) Prescribed for the treatment of a human being by a person authorized to prescribe medicines, and dispensed on a prescription filled by a registered pharmacist in accordance with law;

**In re Roger Paul WARD, Debtor.**

**Bankruptcy No. BK-S-85-225.**

United States Bankruptcy Court, D. Nevada.

Sept. 8, 1987.

(2) Furnished by a licensed physician, dentist or podiatrist to his own patient for the treatment of the patient;

(3) Furnished by a hospital for treatment of any person pursuant to the order of a licensed physician, dentist, podiatrist; or

(4) Sold to a licensed physician, dentist, podiatrist or hospital for the treatment of a human being.

(2) "Medicine" means any substance or preparation intended for use by external or internal application to the human body in the diagnosis, cure, mitigation, treatment or prevention of disease or affliction of the human body and which is commonly recognized as a substance or preparation intended for such use.

Although the statute does not expressly exempt chiropractors from the payment of the tax, Ward contends that the term "licensed physician" must be read to include chiropractors. The Department contends that chiropractors are not "licensed physicians" within the meaning of the statute.

In *Sierra Pacific Power Co. v. Dept. of Taxation*, 96 Nev. 295, 297, 607 P.2d 1147 (Nev.1980) the Nevada Supreme Court stated:

As a general rule, tax exemptions are strictly construed. *Bingler v. Johnson*, 394 U.S. 741, 752, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969); *Kunes v. Samaritan Health Service*, 121 Ariz. 413, 590 P.2d 1359 (1979). There is a presumption that the state does not intend to exempt goods or transactions from taxation. Thus, the one claiming exemption must demonstrate clearly an intent to exempt. *Clark County Sports Enterprises, Inc. v. City of Las Vegas*, 96 Nev. 167, 606 P.2d 171 (1980). Any reasonable doubt against the applicability of an exemption must be construed against the taxpayer. *Matter of 711 Motors, Inc.*, 56 Hawaii 644, 547 P.2d 1343 (1976).

Thus, the burden is on Ward to demonstrate an intent on the part of the Nevada Legislature to exempt chiropractors from the payment of taxes on the sales of vitamins, minerals and herbs to his or her patients. For the following reasons, the Court finds that Ward has not met that burden.

■ Chapter 630 of the Nevada Revised Statutes, entitled "Physicians and Assistants", confers upon the State Board of Medical Examiners the powers necessary to ensure that only competent persons practice medicine within the state of Nevada. Nev.Rev.Stat. 630.014 defines "physician" as "a person who has complied with *all the requirements* of this chapter for the practice of medicine." (emphasis added). To qualify as a physician, a person must have (1) received the degree of Doctor of Medicine from an accredited medical school and (2) passed all parts of the examination given by the National Board of Medical Examiners and all parts of the Federation Licensing Examination. Nev. Rev.Stat. 630.160. The licensing requirements for the practice of chiropractic are different. *See* Nev.Rev.Stat. 634.070 to .130. For example, although chiropractors are subject to their own particular educational requirements, they need. not have attended medical school. Nor are they required to have passed the same exams as physicians. In light of these qualifications, it appears that the legislature clearly views physicians and chiropractors as engaging in different professions.

An examination of other sections of the Nevada Revised Statutes further supports the conclusion that the legislature's use of the term "licensed physician" does not contemplate chiropractors. Chapter 634 of the Nevada Revised Statutes governs the practice of chiropractic. Nev.Rev.Stat. 634.-120(2) states: "A license to practice chiropractic authorizes the holder thereof to use the term 'chiropractic physician'." Ward contends that since chiropractors may use the term "chiropractic physician", they should be considered "physicians" for purposes of Nev.Rev.Stat. 372.283. The Court disagrees. The Court feels that the legislature's placement of the term "chiropractic physician" within quotation marks, indicates that it is a term of art. Thus, rather than supporting Ward's position, the language of section 634.120(2) indicates that

licensed chiropractors may not designate themselves "physicians" without using the phrase in conjunction with the term "chiropractic".

Further limitation of the use of the phrase "physician" is found in the general provisions of the Nevada Revised Statutes. Nev.Rev.Stat. 0.040 provides:

1. Except as otherwise provided in subsection 2, *"physician" means a person who engages in the practice of medicine,* including osteopathy and homeopath.

2. the terms "physician," "osteopathic physician," "homeopathic physician" and "chiropractic physician" are used in chapters 630, 630A, 633 and 634 of NRS *in the limited sense prescribed by those chapters respectively.*

(emphasis added).

Nev.Rev.Stat. 634.220 provides that "[n]othing in this chapter shall be construed to permit a chiropractor to practice medicine, osteopathic medicine, dentistry, optometry or podiatry, or to administer or prescribe drugs." Thus, since a chiropractor is specifically prohibited from engaging in the practice of medicine, he or she does not fall within the definition of "physician" as provided in section 0.040(1). Further, the list of specific types of physicians in section 0.040(2) indicates that the legislature clearly intended to limit the scope of the terms "physician" and "chiropractic physician."

Ward has given several examples of instances in which the Nevada Attorney General has stated that a chiropractor may be treated in the same manner as a physician. Specifically, Ward notes that the Attorney General has issued an opinion stating that a chiropractor may be treated as a "physician" for purposes of Nev.Rev.Stat. 392.-050, which permits a student to be excused from participation in physical education activities at school upon the written certificate of a "physician." Ward also notes that the Attorney General has stated that a chiropractor may be treated as a "physician" for purposes of Nev.Rev.Stat. 440.-380, which governs the issuance of certificates regarding the cause of death. The Department contends that certain recent revisions to the Nevada Revised Statutes make it unlikely that a chiropractor would currently be able to perform either function.

The Court need not evaluate this argument. Even if Ward is correct in asserting that chiropractors may be treated as physicians for certain purposes, the Court is persuaded that the term "physician" in section 372.283 does not include chiropractors. Here, by excluding the language "chiropractic physician" from the tax exemption statute, it appears that the legislature has chosen not to exempt chiropractors from the payment of sales tax. As noted, any reasonable doubt against the applicability of a tax exemption must be construed against the taxpayer. *Sierra Pacific,* 96 Nev. at 297, 607 P.2d 1147. Had the legislature intended the exemption to apply to chiropractors, it could have specifically so provided. Accordingly, the Court finds that Ward has not demonstrated an intent on the part of the legislature to exempt chiropractors from the payment of sales tax.

## EQUAL PROTECTION

Ward next contends that if the exemption is not granted to chiropractors, the statute violates the Equal Protection Clause of the United States Constitution. Ward argues that it is unconstitutional for the legislature to treat chiropractors, who may legally dispense vitamins, minerals and herbs, differently, under the tax exemption statute, than physicians who may dispense those items as well. The Court does not agree.

The United States Supreme Court has frequently examined state taxing statutes under the Equal Protection Clause. In *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 79 S.Ct. 437, 36 L.Ed.2d 480 (1958) the Court delineated the relevant standards:

The applicable principles have been often stated and are entirely familiar. The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not

**808**

trenching upon the perogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. *The state may impose different specific taxes upon different trades and professions* and may vary the rate of exise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use, or value. If the selection or classification is neither capricious nor arbitrary and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.

*[I]t has long been settled that a classification, though discriminatory is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it.*

358 U.S. at 526–28, 79 S.Ct. at 440–42 (emphasis added); *see also Kahn v. Shevin,* 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974) (applying the same principles in upholding a Florida statute allowing widows a $500 exemption from property taxation, but denying a similar exemption to widowers); *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 357, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973) (applying the same principles in upholding an Illinois statute exempting individuals from ad valorem taxes on personal property but not exempting corporations).

Here, it is not difficult for the Court to conceive of a legitimate state interest that might sustain the classification. For instance, the legislature may have assumed that most of the items prescribed by chiropractors would be available in retail outlets where they would be subject to the tax. Accordingly, the legislature may not have wanted to allow a separate exemption which would result in a competitive disadvantage to retail outlets, while the competitive advantage given physicians over chiropractors and retail outlets would be relatively insignificant.

Because there is clearly a rational basis for exempting physicians and not chiropractors from the payment of taxes on the sales of vitamins, minerals and herbs to their patients, the court concludes that the classification does not contravene the Equal Protection Clause of the Fourteenth Amendment of the Constitution.

Accordingly, Ward's objection to the Department of Taxation's proof of claim must be rejected. The proof of claim of the Department of Taxation in the amount of $18,466.59 is hereby ALLOWED.