IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK SMITH; DONALD A. MOLDE; AND MARK E. SMITH FOUNDATION, Appellants, vs. STATE OF NEVADA, BOARD OF WILDLIFE COMMISSIONERS; AND STATE OF NEVADA, DEPARTMENT OF WILDLIFE, Respondents.

No. 77485

FILED

APR 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment denying declaratory relief, writ relief, and injunctive relief in a challenge to the validity of an administrative agency's regulation. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

This case stems from the Department of Wildlife, Board of Wildlife Commissioners' (the Commission) promulgation of a trapping regulation, codified at NAC 503.152, as required by NRS 503.570, which established minimum visitation periods for traps, snares, and similar devices (the trapping regulation) and allowed the Commission to "consider" lower visitation intervals in populated or heavily used areas. Appellants are wildlife advocates (the Advocates) who participated in the regulatory process.

The Advocates asserted four claims in their operative complaint. The first and third claims sought writ relief. The first claim sought to require the Commission to promulgate reasonable regulations for the preservation and protection of wildlife. The third claim sought to require the Commission to develop a plan for wildlife management of non-target animals. The second claim asked the district court to declare that

20 - 15568

the Legislature improperly delegated legislative power to the Commission. Finally, the fourth claim sought to enjoin the Commission's "action and inaction." The Advocates make a number of arguments on appeal. We review the district court's summary judgment order de novo. *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000).

*The Legislature properly delegated regulatory authority*

Pursuant to NRS 233B.110, a party may seek a declaratory judgment regarding "[t]he validity or applicability of any regulation." That statute further provides, "The court shall declare the regulation invalid if it finds that it violates constitutional or statutory provisions or exceeds the statutory authority of the agency."[1] The Advocates argue that the Legislature unconstitutionally delegated, through NRS 503.570, legislative power to the Commission. Specifically, the Advocates argue that NRS 503.570 fails to provide sufficient guidelines to determine what constitutes a heavily populated area for purposes of promulgating a regulation requiring higher-frequency checking in populated areas. Accordingly, the Advocates assert, NAC 503.152 is void. A properly enacted statute carries a strong presumption of constitutionality; thus, a challenger must clearly

---

[1]While the Commission asserts that the Advocates did not seek relief under NRS 233B.110 because they primarily asserted that the Legislature had acted improperly by unconstitutionally delegating its authority, the Advocates relied on NRS 233B.110 as the basis for the district court's jurisdiction to review the Commission's rulemaking and it was addressed throughout the motion practice in the district court. We conclude that this statute is the legal framework for us to evaluate the Advocates' request for declaratory relief that NAC 503.152 is void as a result of an unconstitutional delegation by the Legislature.

show unconstitutionality. *List v. Whisler*, 99 Nev. 133, 137-38, 660 P.2d 104, 106 (1983).

Under the separation of powers doctrine, the Legislature cannot delegate legislative power to administrative agencies. Nev. Const. art. 3, § 1(1); *Sheriff, Clark Cty. v. Luqman*, 101 Nev. 149, 153, 697 P.2d 107, 110 (1985). Nevertheless, this court held that the Legislature "may delegate [to administrative agencies] the power to determine the facts or state of things upon which the law makes its own operations depend." *Luqman*, 101 Nev. at 153, 697 P.2d at 110. Thus, the Constitution allows the Legislature to delegate fact-finding authority, i.e., the "application or operation of a statute complete within itself dependent upon the existence of certain facts or conditions, the ascertainment of which is left to the administrative agency." *Id.* We will uphold such a delegation "so long as suitable standards are established by the [L]egislature for the agency's use of its power [and] [t]hese standards [are] sufficient to guide the agency with respect to the purpose of the law and the power authorized." *Id.* at 153-54, 697 P.2d at 110.

Here, the Legislature provided sufficient guidance to the Commission. The Legislature directed the Commission to adopt regulations setting forth the frequency at which a person who traps wild mammals must visit a trap. NRS 503.570(3). The Legislature required the Commission to promulgate regulations that require "[a] person to visit [his or her] trap . . . at least once each 96 hours." *Id.* The Legislature further required "the Commission . . . [to] consider requiring a trap . . . placed in close proximity to a populated or heavily used area by persons to be visited more frequently." *Id.* In short, the Legislature required the Commission to engage in fact finding to determine what constituted "heavily used" or

"populated" areas. The ordinary meaning of the words "heavily used" and "populated" areas provided sufficient standards to the Commission, as they are not terms of art unique to this context.

Moreover, while the Legislature vested the Commission with the ability to "consider" shorter periods for checking traps in such areas, the Legislature required predicate factual findings first. In other words, the Legislature left "application or operation of [NRS 503.570(3)] . . . dependent upon the existence of certain facts or conditions, the ascertainment of which is left to the [Commission]." *See Luqman*, 101 Nev. at 153, 697 P.2d at 110. Thus, suitable standards sufficient to guide the Commission were provided, and the Legislature did not improperly delegate Legislative power. Accordingly, the regulation is not unconstitutional, nor did the Commission exceed its statutory authority, and thus the district court correctly found the regulation was not invalid and denied declaratory relief.

*The Advocates' other administrative challenges fail*

The Advocates argue that the Commission acted unreasonably, and thus, arbitrarily and capriciously, when the Commission promulgated the trapping regulation, NAC 503.152. Moreover, the Advocates contend that their claims for writ relief allow for arbitrary and capricious review of the trapping regulation.

We first note that this court has "no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review." *Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989). Our role is limited because "[t]he disposition of the judicial branch of government has always been to scrupulously refrain from encroaching in the slightest way into the legislative field of policy making where factual or economic factors require latitude of discretion." *Zale-Las Vegas, Inc. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Bulova Watch Co.*, 80 Nev. 483, 500, 396 P.2d 683, 692 (1964) (quoting *Bulova Watch Co. v. Zale Jewelry Co. of Cheyenne*, 371 P.2d 409, 419 (Wyo. 1962)). Thus, we will afford "[g]reat deference . . . to an administrative body's interpretation when it is within the statutory language." *Sierra Pac. Power Co. v. Dep't of Taxation*, 96 Nev. 295, 297, 607 P.2d 1147, 1148 (1980). And, "legislative acquiescence in an agency's reasonable interpretation indicates that the interpretation is consistent with legislative intent." *Id.* at 298, 602 P.2d at 1149.

Nevada's Administrative Procedure Act does not give courts the power to declare regulations arbitrary or capricious. *Compare* NRS 233B.110 ("The court shall declare the regulation invalid if it finds that it violates constitutional or statutory provisions or exceeds the statutory authority of the agency."), *with* NRS 233B.135(3)(f) (vesting courts with the ability to set aside a final agency decision in a contested case if the final decision of an agency was "arbitrary or capricious."). Allowing courts to set aside an arbitrary or capricious final agency decision, but not declare regulations arbitrary and capricious, makes logical sense: agencies need more discretion when engaging in the policymaking function inherent in promulgating regulations, which are quasi-legislative in nature. In contrast, this need for discretion does not exist in contested cases, quasi-judicial in nature. *See* NRS 233B.032 ("'Contested case' means a proceeding . . . in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing . . . .").

Moreover, even if we recognized arbitrary and capricious review of regulations as a matter of law, declaring the trapping regulation void here would not be proper for two reasons. First, we note that the Advocates

did not allege that the regulation was arbitrary or capricious as a basis of invalidity in their declaratory relief claim; the Advocates only alleged that the Legislature improperly delegated legislative power to the Commission. Second, although the Advocates now argue—on appeal—that the trapping regulation violates NRS 233B.040's requirement that regulations be reasonable, the Advocates only challenged the reasonableness of this regulation in their claims for a writ of mandamus or prohibition, not for declaratory relief.[2] Additionally, even though the Advocates twice moved the district court for summary judgment on their declaratory relief claim, they did not argue that NRS 233B.040 applied to bar the Commission's regulation.[3] Because "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal," we decline to consider this argument. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

---

[2]The district court declined to issue a writ of mandamus/prohibition, finding that NRS 233B.110 served as an adequate legal remedy that defeated a resort to this extraordinary writ. The district court did not abuse its discretion in declining to issue these writs. We hold that NRS 233B.110 constitutes an adequate remedy at law for a challenge to the validity of this regulation, precluding a need for writ relief. *See State, Dep't of Health and Human Servs. v. Samantha Inc.*, 133 Nev. 809, 811, 816, 407 P.3d 327, 329, 332 (2017) (noting that mandamus and equitable relief might be available where there was no right to judicial review under the APA).

[3]The Advocates attempted to raise this argument in their motion for reconsideration. But the Advocates did not raise, or properly plead, this argument in the first instance—so it could not be "reconsidered" as a "manifest error of law or fact." *See AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (internal quotation marks omitted) (interpreting NRCP 59(e)).

Finally, the Advocates sought to enjoin "action and inaction" by the Commission. This court reviews the denial of an application for injunctive relief for an abuse of discretion; however, we review any "legal questions surrounding the issuance of an injunction" de novo. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 108, 294 P.3d 427, 433 (2013). We discern no abuse of discretion here. While we credit the Advocates' point that an injunction could pair with a declaratory judgment under NRS 233B.110, the district court correctly found that declaratory relief under this statute served as an adequate remedy at law. Furthermore, as the substantive challenge to the regulation was denied on the merits, there is no basis for issuance of an injunction. *See State Farm Mut. Auto. Ins. Co. v. Jafbros, Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993) (observing that "a court cannot provide a remedy unless it has found a wrong").

Therefore, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Lynne K. Simons, District Judge
David Wasick, Settlement Judge
Jeffrey A. Dickerson
Attorney General/Carson City
Washoe District Court Clerk