MARIA APECECHE, APPELLANT, *v.* WHITE PINE COUNTY, RESPONDENT.

No. 11840

September 5, 1980                                    615 P.2d 975

*Richard H. Bryan,* Attorney General, and *Samuel P. McMullen,* Deputy Attorney General, Carson City, for Appellant.

*Robert J. Johnston,* District Attorney, White Pine County, for Respondent.

---

[7]See footnote 4.

## OPINION

By the Court, BATJER, J.:

Maria Apeceche appeals from a judgment reversing an administrative decision of the Nevada Equal Rights Commission (Commission). The Commission determined that White Pine County (County) engaged in an unlawful employment practice, in violation of NRS 613.330, by discriminating against Apeceche because she is a' Mexican national. The Commission's decision is supported by substantial probative and reliable evidence; therefore, we reverse the judgment of the district court and remand for reinstatement of the Commission's order.

Maria Apeceche is a Mexican national legally residing in Ely, Nevada. In August, 1976, she was hired by the county maintenance supervisor to work as a custodian in the Public Safety Building. Sheriff Robison was to supervise her work. Apeceche's hours were 8:00 a.m. to 5:00 p.m. and her salary was $550 per month.

In early 1977, the county commissioners ordered Sheriff Robison to reduce Apeceche's hours to seven per day, to reduce her salary to $492 per month, and to schedule her on a night shift. The county's purported reasons for the modifications in the terms and conditions of Apeceche's employment were: (1) Commissioner Jones' wife, who worked at the Public Safety Building, had once complained that Apeceche's vacuuming disturbed her; and (2) Commissioner Jones planned to institute a uniform personnel system and equalize salaries for similar jobs. Apeceche filed a complaint with the Commission based upon the change in her hours and salary.

In late 1977, the county commissioners, at the instigation of Commissioner Jones, decided to contract with a janitorial service to clean the Public Safety Building. The purported motive was to save the County $176 per month. However, several witnesses testified that Commissioner Jones had voiced his concern that Apeceche was an illegal alien, that she could not read or write English, and that she was a security risk. Apeceche was the only custodian affected by the new policy. She was terminated as of January 31, 1978.[1]

Following an investigation of Apeceche's complaint, an administrative hearing was held in Ely. The hearing officer concluded that Apeceche had established a prima facie case of discrimination on the basis of national origin and that the County had failed to rebut the inference of discrimination or to establish any bona fide nondiscriminatory motive. The Commission affirmed the hearing officer's decision and ordered reinstatement and back pay.[2] The district judge reversed the administrative order on the ground that the substantial rights of the County had been prejudiced because the administrative findings and conclusions were clearly erroneous. This appeal ensued.

"When a decision of an administrative body is challenged, the function of this court is identical to that of the district court. It is to review the evidence presented to the administrative body and ascertain whether that body acted arbitrarily or capriciously, thus abusing its discretion." Gandy v. State ex rel. Div. of Investigation, 96 Nev. 281, 607 P.2d 581 (1980). Judicial review is confined to the record before the agency. NRS 233B.140(4). The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. NRS 233B.140(5). An agency decision may be reversed if substantial rights of appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. NRS 233B.140(5)(e). However, if the record of evidence supports the agency's determination, the court is bound to sustain the agency's decision.

In this case, the district judge held that the Commission's determinations were clearly erroneous. As discussed below, the

[1]The County had experimented with contracting-out janitorial services in 1974. At that time, the affected janitors were transferred to other positions. A janitor position was available in the county courthouse in January, 1978.

[2]Apeceche was hired as a custodian in the county courthouse in mid-1978.

judge appears to have substituted his judgment for that of the Commission on factual questions, in violation of NRS 233B.140(5).

NRS 613.330(1) is almost identical to § 703(a)(1) of Title VII of the Civil Rights Act of 1964. (42 U.S.C. § 2000e–2(a)(1)), and provides that

> It is an unlawful employment practice for an employer:
> (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, age, physical or visual handicap or national origin[.]

In this case, Apececche complained that her wages and hours were cut, and that she was discharged, because she is Mexican.

In cases involving an employer's isolated decision to discharge or to alter the terms of employment of an individual employee, the focus of the inquiry is whether the employer is treating some people less favorable than others because of their race, religion, sex, or national origin. Furnco Constr. Corp. v. Waters, 438 U.S. 567 (1978). The employee carries the initial burden of establishing a prima facie case of discrimination by proving (1) she is a member of a protected class, (2) she is qualified for the job, (3) she is satisfying the job requirements, (4) she was discharged, and (5) the employer assigned others to do the same work. *Id.* at 575; Kirby v. Colony Furniture Co., Inc. 613 F.2d 696 (8th Cir. 1980); Wright v. National Archives & Records Service, 609 F.2d 702 (4th Cir. 1979); Flowers v. Crouch-Walker Corp., 552 F.2d 1277 (7th Cir. 1977); *see* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Apececche met her burden of proof. Several witnesses testified that she is qualified for the job and that she did her job well. Nevertheless, she was fired, and the County contracted-out to do the same work. Other employees in similar circumstances were not treated as Apececche was. An inference arose that the County's actions were based on illegal discriminatory criteria. That inference is not vitiated by the fact that the County employed other members of minority groups. Flowers v. Crouch-Walker Corp., 552 F.2d at 1282.

Once a prima facie case of discrimination is established, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions. Board of Trustees v. Sweeney, 439 U.S. 24 (1978); Furnco Constr. Corp. v. Waters,

438 U.S. at 578; McDonnell Douglas Corp. v. Green, 411 U.S. at 802. Here, the County justified its actions against Apeceche as necessary to implement a uniform personnel plan and to save money.

■

Apeceche introduced evidence to show that the proferred justifications were mere pretext. No other janitors were subjected to the same treatment and there is no evidence that other employees were affected by those two goals. The county commissioners were at a loss to explain the disparate treatment. Because the true motivation for the action is a factual issue, *Id.* at 801, and because there is substantial evidence to support the Commission's finding that the County's actions were not based upon the articulated reasons, the inference of discriminatory motivation remains unrebutted and the decision in favor of Apeceche must be reinstated.

Accordingly, the judgment below is reversed and the case is remanded for proceedings consistent with this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.