**James R. GRAY, Plaintiff–Appellant,**

v.

**REYNOLDS ELECTRIC & EN-GINEERING COMPANY, Defendant–Appellee.**

**No. 99–17176.**

**D.C. No. CV–96–00994–JBR.**

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2001 *.

Decided March 22, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before REINHARDT, RYMER and FISHER, Circuit Judges.

MEMORANDUM **

Appellant James R. Gray sued Appellee Reynolds Electric & Engineering Co. ("REECO") after he was terminated as part of a reduction in force ("RIF") at a

nuclear testing range. His complaint alleged that REECO violated Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 613 of the Nevada Revised Statutes ("NRS") by denying him a promotion and selecting him for termination because he is African–American. After a bench trial, the district court found Gray had established a prima facie case of race discrimination on both his claims. However, the court held that REECO articulated legitimate, nondiscriminatory reasons for both disputed actions and Gray failed to establish that these reasons were pretextual. Gray appeals the district court's holding with respect to his termination, arguing he possessed special skills that should have excluded him from the RIF. REECO's alleged failure to take these skills into account, he contends, proves intentional discrimination.

 Under the familiar burden shifting analysis in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), if an employer sets forth a legitimate, nondiscriminatory reason for its termination of an employee, the employee then has the burden of showing the employer's proffered reason was pretextual, and the termination actually resulted from a discriminatory animus. *Id.* at 802, 93 S.Ct. 1817. Moreover, the plaintiff has the ultimate burden of persuading the trier of fact that his employer intentionally discriminated against him. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The same requirements apply under Nevada antidiscrimination law. *Apeceche v. White Pine County,* 96 Nev. 723, 615 P.2d 975, 977–78 (Nev. 1980).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Although Gray may have produced evidentiary support for his contention that the REECO personnel in charge of assembling the RIF list did not take his full set of special skills into account, he provided no evidence that this alleged error on REECO's part stemmed from a discriminatory animus. Because Gray failed to carry his burden of proving such animus at trial, the district court did not err in concluding Gray had not established racial discrimination by a preponderance of the evidence.

AFFIRMED.