**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK B. SMITH, Jr., | No. 07-15031 |
| Plaintiff - Appellant, | D.C. No. CV-02-01390-RJJ |
| v. | |
| ED GARDINER; PAR ELECTRICAL CONTRACTORS, INC., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted January 15, 2010 [**]
San Francisco, California

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

Smith appeals from the district court's summary judgment in favor of his

former employer, Par Electrical Contractors, Inc., and its co-defendants

(collectively, Par) on Smith's claims that he was terminated due to his race. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court had jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

**I.**

We review the district court's summary judgment de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Smith brought claims against Par under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) (Title VII), 42 U.S.C. § 1981 and Nevada's anti-discrimination law (Nev. Rev. Stat. § 613.330 *et seq.*), alleging that he was terminated due to his race. We analyze Smith's disparate treatment claims under all three statutes using the same analytical framework. *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987) (applying Title VII standards to a 42 U.S.C. § 1981 claim); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) ("[i]n light of the similarity between Title VII . . . and Nevada's anti-discrimination statutes," Nevada courts look to Title VII cases for guidance in analyzing state discrimination claims); *Apeceche v. White Pine County*, 615 P.2d 975, 977 (Nev. 1980) (applying burden-shifting framework to claims under Nev. Rev. Stat. § 613.330 *et seq.***).**

Assuming, without deciding, that Smith presented a prima facie case of discrimination, Par had the "burden of production, but not persuasion" to

2

"articulate some legitimate, nondiscriminatory reason" for Smith's termination. *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (quotation marks and citation omitted). Par met this burden by presenting evidence that Smith's supervisor, Goulet, fired Smith because, after Goulet halted a verbal altercation between Smith and co-worker Gardiner, Goulet heard a report that led him to believe that Smith had threatened to shoot Gardiner. An employer's "belief in the truth of the charges [of misconduct]" is a "legally sufficient" legitimate, nondiscriminatory reason for dismissal. *Jones v. Los Angeles Cmty. Coll. Dist.*, 702 F.2d 203, 205 (9th Cir. 1983) (quotation marks and citation omitted).

Once Par met its burden, it then was incumbent on Smith to show that Par's stated reason was pretextual. *E.E.O.C.*, 577 F.3d at 1049. The district court correctly held there was no direct evidence of discrimination. Smith alleged that he had heard workers "from out of town" using racial slurs, and that a foreman once commented on how dark Smith's skin was, but such remarks are evidence that an employment action was motivated by animus only if those people were involved in the decision to terminate him. *Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1039-40 (9th Cir. 2005) ("Where... the person who exhibited discriminatory animus influenced or participated in the decisionmaking process, a reasonable factfinder could conclude that the animus affected the employment

3

decision"). Here, it is undisputed that Goulet was the sole decision-maker in Smith's termination, and Smith admits he never heard Goulet make any racially charged comment.

Smith also failed to show specific and substantial circumstantial evidence of pretext. First, it is irrelevant that Smith asserts he did not in fact threaten to shoot Gardiner, that he states the person who reported that story to Goulet was lying, or that Goulet did not conduct an investigation before firing Smith. The inquiry is whether there was evidence from which a fact-finder could infer that Goulet and Par did not truly believe the proffered reason for the termination. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Smith put forth no evidence to suggest that Goulet and Par did not honestly believe Smith had threatened Gardiner.

Smith also argues he was treated less favorably than Gardiner. An employer's more favorable treatment of similarly situated employees can be evidence of pretext, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), but the district court was correct that Gardiner and Smith were not "similarly situated." Smith apparently does not dispute Par's evidence that Gardiner, a lineman, was more skilled and more difficult to replace than Smith, a groundman. Moreover, there is no evidence that Gardiner engaged in further

4

disruptive acts after Goulet broke up the initial altercation; in contrast, Goulet heard a report that led him to believe that Smith had threatened Gardiner's life.

Finally, the district court properly gave weight to the fact that Goulet, who terminated Smith's employment in 2003, also made the decision to hire Smith in 2000 and rehire him in 2002. In this circuit, "where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005) (citing *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996)). Smith did not present "specific and substantial" circumstantial evidence sufficient to overcome that same-actor inference, and has not presented evidence from which a fact-finder could conclude that his employment was terminated due to his race.

## II.

Because Smith's opening brief failed to present specific arguments regarding his remaining claims, and we only review issues which are specifically and distinctly argued in the party's opening brief, any challenge to the district court's summary judgment for Par on his remaining claims is waived. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

5

**AFFIRMED.**