**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN KEENAN and KATHLEEN COX, | No. 08-16866 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-00615-LDG-LRL |
| v. | |
| TOYS "R" US, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted April 12, 2010
San Francisco, California

Before: NOONAN and CALLAHAN, Circuit Judges, and MARTINEZ, District Judge.[**]

John Keenan, through his sister and guardian *ad litem*, Kathleen Cox,

appeals the district court's grant of summary judgment in favor of defendant Toys

"R" Us, Inc. ("TRU") on his discrimination claims under The Americans with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

Disabilities Act and Nevada Revised Statute § 613.330,[1] as well as his claim for breach of the implied covenant of good faith and fair dealing. He also appeals the district court's decision to strike his untimely jury demand. We have jurisdiction under 28 U.S.C. § 1291.

Keenan, who suffers from a mental disability stemming from a childhood accident, was employed at TRU as a store maintenance person for eight years. In 2001, Keenan reprimanded a customer for leaving trash on a store shelf, causing an incident resulting in Keenan's reprimand and separation from TRU.

We review the grant of summary judgment *de novo*, drawing all reasonable inferences in favor of Keenan, *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005), and the denial of an untimely jury demand for abuse of discretion, *Pac. Fisheries Corp. v. HIH Cas. & Gen. Insur. Ltd.*, 239 F.3d 1000,1002 (9th Cir. 2001). We affirm in part and reverse and remand in part.

We reverse the district court's grant of summary judgment on Keenan's disparate treatment claim. Contrary to the district court's conclusion, we find there is a genuine dispute of fact regarding whether Keenan was fired and whether TRU's proffered nondiscriminatory reason for terminating him was pretextual. *See*

---

[1]A discrimination claim under Nevada Revised Statute § 613.330 is analyzed under federal antidiscrimination law. *See Apeceche v. White Pine County*, 96 Nev. 723, 615 P.2d 975, 977-78 (1980).

*Snead v. Metropolitan Property & Cas. Insur. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001). Viewing the evidence in the light most favorable to Keenan, manager Jeff Brooks told Keenan to "get out of here" after asking why he should not be fired. Minutes later, another manager told Keenan, "We don't need you anymore," prompting Keenan to hand over his TRU vest and walk out of the store. After firing Keenan—or at least causing Keenan, a mentally disabled employee, to reasonably believe he was fired—Brooks simultaneously represented to TRU that Keenan quit without cause, while impliedly representing to Cox that Keenan had been fired. Further, there was evidence that Brooks did not get along with Keenan: Brooks would hand Keenan documents even though he knew Keenan could not read, he commented that Keenan had served in the Gulf War even though he had not, and he would not allow Keenan to wear pins on his TRU vest when other non-disabled employees were permitted to do so. Based on this evidence and testimony from Keenan's former TRU manager that he would not have fired Keenan over the incident, a reasonable trier of fact could find that TRU's proffered reason for termination was pretextual.

We also reverse the district court's grant of summary judgment on Keenan's accommodation claim. Keenan presented evidence that he had a diminished intellectual and emotional capacity that impeded his ability to interact with adults,

3

and that his colleagues were generally aware that he was "childlike" and not functioning at an adult level. Additionally, Cox notified TRU when Keenan was hired that he should not interact with customers. When Keenan did have problems with customers, TRU habitually moved Keenan to the back of the store. This evidence creates a genuine dispute of fact that TRU knew or should have known Keenan suffered a disability affecting his customer interactions, which required accommodation. *See* 42 U.S.C. § 12112(b)(5)(A) (discrimination includes failing to make reasonable accommodations to known physical or mental limitations).

We affirm the district court's grant of summary judgment on Keenan's claim that TRU breached an implied covenant of good faith and fair dealing because Keenan was employed at-will. *See Martin v. Sears Roebuck & Co.*, 111 Nev. 923, 899 P.2d 551, 555 (1995). All employees in Nevada are presumptively at will, and Keenan presented no evidence that his employment was otherwise. *See id.* at 554.

Finally, we affirm the district court's decision to strike Keenan's untimely jury demand. Since Keenan's failure to timely file a jury demand resulted from oversight, the district court did not abuse its discretion. *See Pac. Fisheries*, 239 F.3d at 1002.

Each side shall bear its own costs.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.

4