**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA PULLIAM, | No. 12-16834 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01406-MMD-GWF |
| v. | |
| UNITED AIRLINES, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted October 8, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Angela Pulliam appeals from the district court's grant of summary judgment

in favor of United Airlines on Pulliam's claims for race and color discrimination and

retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1981 ("§ 1981"), and Nevada Revised Statutes Chapter 613. Reviewing *de novo*, *see Fin. Mgmt. Advisors, LLC v. Am. Int'l Specialty Lines Ins. Co.*, 506 F.3d 922, 925 (9th Cir. 2007), we affirm the judgment of the district court.[1]

Pulliam, who self-identifies as black African-American, alleges two separate incidents of race discrimination: (i) the Giusti incident, in which Pulliam was issued a "Letter of Counseling" after supervisor Patricia Giusti reported that Pulliam could not be found in her assigned work area, and (ii) the Hill incident, in which supervisor LaToyia Hill terminated Pulliam following complaints that Pulliam engaged in a confrontation with two United passengers and that Pulliam habitually left work early. Pulliam argues that the district court erred in its analysis under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2]

With respect to the Giusti incident, Pulliam failed to proffer evidence of three of the four prima facie elements of a discrimination claim: (i) that she was performing

---

[1]United filed a motion to strike portions of Pulliam's reply brief and "Further Excerpts of Record Volume III" attached to the reply brief, arguing that the material was never before the district court. We grant the motion but note that consideration of these materials would not change the result reached.

[2]Because the Nevada antidiscrimination statute is substantively identical to federal antidiscrimination law, the same analysis applies to both. *See Apeceche v. White Pine Cnty.*, 615 P.2d 975, 977 (Nev. 1980).

according to United's legitimate expectations, given that the record reflects that Giusti could not find Pulliam in her scheduled work area; (ii) that similarly situated employees outside of her protected class were treated more favorably than Pulliam; and (iii) that the Letter of Counseling constituted an adverse employment action. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (enumerating elements of a prima facie discrimination claim).

With respect to the Hill incident, even assuming that Pulliam established a prima facie case of discrimination, United proffered evidence of a legitimate, nondiscriminatory reason for terminating Pulliam. *See Vasquez v. Cnty. of L. A.*, 349 F.3d 634, 640 (9th Cir. 2003) ("If the plaintiff succeeds in [making a prima facie case], then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct."). Pulliam's confrontation with two United passengers is a legitimate, nondiscriminatory reason for termination under United's policies regardless of whether Pulliam called the passenger a "smart ass" as United contends, or whether Pulliam told the passenger "don't get smart asking me questions" as she contends. Pulliam proffered no evidence that this reason was pretextual, aside from generally alleging that it is "false and not credible." *See id.* ("If the defendant provides [a legitimate, nondiscriminatory] reason,

3

the burden shifts back to the plaintiff to show that the employer's reason is a pretext for discrimination.").

Pulliam's retaliation claim is based on a race discrimination complaint she made against Giusti to United's Business Conduct Line following the Giusti incident. Even assuming that Pulliam has made a prima facie case of retaliation through the inference of a sufficient temporal connection between the protected activity and her termination, her retaliation claim fails for the same reason as her discrimination claims—United has offered evidence of a separate legitimate, nonretaliatory reason for terminating Pulliam. Pulliam has not offered specific evidence this reason is pretextual beyond general assertions that United's proffered reason is "fishy." *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008) (explaining the application of the *McDonnell Douglas* burden-shifting framework to retaliation claims).

We need not reach Pulliam's final argument—that the district court erred in considering Hill's sworn declaration—because even if the declaration were excluded, summary judgment would be warranted. The only statement in the declaration not directly supported by other record evidence is Hill's assertion that she was unaware of Pulliam's complaint against Guisti at the time of the termination decision. Yet, as explained above, the retaliation claim fails because of United's legitimate, nonpretextual reason for Pulliam's termination.

4

**AFFIRMED.**