**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DANIEL HANSEN,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>ROBINSON NEVADA MINING COMPANY,<br><br>      Defendant - Appellee. | No. 14-16116<br><br>D.C. No. 2:13-cv-00750-JCM-VCE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 18, 2016[**]
San Francisco, California

Before:  GRABER and TALLMAN, Circuit Judges, and EDMUNDS,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Nancy G. Edmunds, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Robinson Nevada Mining Company ("RNMC") hired Daniel Hansen as a mine maintenance mechanic in March 2010. Eight months later, Hansen was seriously injured in a car accident. He received the maximum amount of short-term disability benefits sponsored by RNMC and was terminated thereafter. Hansen sued, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., Nevada's anti-discrimination statute, Nev. Rev. Stat. § 613.330,[1] and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. The district court granted summary judgment in favor of RNMC, dismissing all of Hansen's claims. Hansen appeals the dismissal of his ADA and related state-law claims. Reviewing de novo, Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 954 (9th Cir. 2013), we affirm.

To prevail under the ADA, Hansen bears the burden of demonstrating that he is a "qualified individual," meaning that he could perform the essential functions of his position, with or without reasonable accommodation. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996). Like the district court, we find no genuine issue of material fact as to whether Hansen could perform the essential functions of his job, with or without reasonable accommodation.

---

[1]A discrimination claim under Nevada Revised Statute § 613.330 is analyzed under federal anti-discrimination law. See Apeceche v. White Pine Cty., 615 P.2d 975, 977-78 (Nev. 1980). Accordingly, we analyze Hansen's ADA and state law claims together.

Hansen admitted he could not perform his prior job and testified at length regarding conditions that prevented him from performing essential functions of the position (e.g., dizziness and disorientation when lifting heavy objects or climbing stairs). Hansen's doctor[2] also concluded that, for an unknown period of time, Hansen would be unable to do his previous job. The fact that two neurologists concluded that Hansen no longer qualified for short-term disability benefits does not create a triable issue of fact. Hansen's admitted inability to work as a mine maintenance mechanic compels the conclusion that he could not perform the essential functions of his prior job.

In addition, Hansen failed to meet his burden of showing that a reasonable accommodation existed that would have enabled him to retain his employment. Dark v. Curry Cty., 451 F.3d 1078, 1088 (9th Cir. 2006). Although RNMC bore an "affirmative obligation to engage in an interactive process in order to identify, if possible, a reasonable accommodation," id., an employer is liable for failing to provide reasonable accommodation only if it is responsible for the breakdown in the interactive process, Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002). Here, Hansen testified that he met with Human Resources representatives,

_____

[2]Although Hansen now argues it is "factually inaccurate" to refer to Dr. Seigel as his doctor for his car wreck injuries, this assertion is squarely contradicted by the record.

discussed at least two alternative positions (a supervisor position and a dispatcher position), and did not raise any other options because he didn't believe there was "any sense" in doing so. We cannot conclude that RNMC was responsible for a breakdown in the process. Moreover, Hansen was either not qualified for or could not perform the duties of the positions that were available. Contrary to Hansen's argument, the failure to offer a "light duty" position does not violate the ADA. "Light duty" is not an existing, vacant position at RNMC, and the ADA does not require the creation of a position as a reasonable accommodation. Wellington v. Lyon Cty. Sch. Dist., 187 F.3d 1150, 1155 (9th Cir. 1999).

Finally, Hansen's argument that RNMC violated the ADA by failing to make an "individualized assessment" of Hansen, as discussed in Echazabal v. Chevron USA, Inc., 336 F.3d 1023, 1027 (9th Cir. 2003), also fails. RNMC did not terminate Hansen because he was a "direct threat" to the health or safety of himself or others.

**AFFIRMED.**