NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMIE L. STARKS, | No. 16-15641 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02286-MMD-GWF |
| v. | |
| PARBALL CORPORATION, DBA Bally's Las Vegas, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES I-X, inclusive, | |
| Defendant, | |
| ROE CORPORATIONS I-X, INCLUSIVE, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 11, 2017**

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:   GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jimie L. Starks appeals pro se from the district court's summary judgment in his employment action alleging violations of Title VII and Nevada's anti-discrimination statute, Nev. Rev. Stat. § 613.330. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Starks' racial discrimination and retaliation claims because Starks failed to raise a genuine dispute of material fact as to whether his employer's legitimate, non-discriminatory, and non-retaliatory reasons for its actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064 (9th Cir. 2002) (setting forth elements of and burden shifting requirements for discrimination and retaliation claims under Title VII); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001) (to avoid summary judgment on retaliation claim, "[c]ircumstantial evidence of pretext must be specific and substantial" (citation omitted)); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (same for discrimination claim); *see also Apecec018e v. White Pine County*, 615 P.2d 975, 977-78 (Nev. 1980) (a

discrimination claim under Nev. Rev. Stat. § 613.330 is analyzed under federal anti-discrimination law).

We do not consider Starks' challenge to the district court's granting of Starks' counsel's motion to withdraw because Starks did not oppose this motion in the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (arguments raised for the first time on appeal are not considered).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See id.*

Starks' motion to file an oversized opening brief (Docket Entry No. 10) is granted.

**AFFIRMED.**

16-15641