**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUANE HUTCHINGS, | No. 16-16202 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01712-JAD-PAL |
| and | |
| BART STEPHENS, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| ONE NEVADA CREDIT UNION, FKA Nevada Federal Credit Union, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 20, 2017**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  IKUTA and HURWITZ, Circuit Judges, and GWIN,\*\*\* District Judge.

Duane Hutchings was employed at One Nevada Credit Union selling insurance.  After One Nevada discovered Hutchings had a second job selling real estate in violation of the company's conflict of interest and outside employment policies, it asked him to choose between the two jobs.  Hutchings refused to stop selling real estate, and One Nevada fired him.

In this suit, Hutchings alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and Nev. Rev. Stat. § 613.330(1)(a), and a cause of action for common law negligent infliction of emotional distress.  The district court granted One Nevada's motion for summary judgment.  We have jurisdiction of Hutchings' appeal under 28 U.S.C. § 1291 and affirm.

1.  Hutchings argues that One Nevada discriminated against him by terminating him for selling real estate, while a female employee with a real estate license, Barbara Higgins, was not terminated.  But, Hutchings provided no evidence that Higgins sold real estate while employed at One Nevada; indeed, the only record evidence is that she did not.[1]  By contrast, Hutchings actively sold real estate while

---

\*\*\*    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]    Hutchings points to an internet printout listing Higgins's real estate license as active since 2009, but he does not respond to One Nevada's argument that Hutchings

employed at One Nevada.  Because Hutchings failed to show that any similarly situated female employees were treated more favorably than him, he failed to establish a prima facie case of gender discrimination under either Title VII or Nevada law.  *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (requiring employees to "be similar in all material respects," including "similar jobs" and "similar conduct"); *Apeceche v. White Pine Cty.*, 615 P.2d 975, 977 (Nev. 1980) (applying same analysis to claims under Title VII and Nev. Rev. Stat. § 613.330(1)(a)).

2.  Because Hutchings provided no "proof of serious emotional distress causing physical injury or illness," let alone any evidence of negligence by One Nevada, the district court correctly granted summary judgment to One Nevada on this claim.  *Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000).

**AFFIRMED.**

---

never properly authenticated this evidence.  The district court properly found the document inadmissible, and we likewise will not consider it on appeal.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

3