**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FILIP C. IACOB, | No. 17-15433 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00923-JAD-GWF |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Filip C. Iacob appeals pro se from the district court's summary judgment in his employment action alleging violations of Title VII and Nevada law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Iacob's racial discrimination and retaliation claims because Iacob failed to raise a genuine dispute of material fact as to whether his employer's legitimate, non-discriminatory and non-retaliatory reasons for its actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064 (9th Cir. 2002) (setting forth prima facie elements of discrimination and retaliation claims under Title VII and burden shifting framework, and noting that circumstantial evidence of pretext must be specific and substantial); *see also Apeceche v. White Pine County*, 615 P.2d 975, 977-78 (Nev. 1980) (a discrimination claim under Nev. Rev. Stat. § 613.330 is analyzed under federal anti-discrimination law).

The district court properly granted summary judgment on Iacob's hostile work environment claim because Iacob failed to raise a genuine dispute of material fact as to whether he was subjected to sufficiently severe or pervasive conduct. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (stating prima facie requirements for hostile work environment claim under Title VII).

The district court properly granted summary judgment on Iacob's claim of negligent hiring, supervision, and retention because appellee was immune from liability. *See Martinez v. Maruszczak*, 168 P.3d 720, 722, 728-29 (Nev. 2007) (explaining discretionary immunity under Nevada law and adopting federal test for determining if immunity applies); *see also Vickers v. United States*, 228 F.3d 944,

17-15433

950 (9th Cir. 2000) ("[D]ecisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended [discretionary immunity] to shield.").

The district court properly granted summary judgment on Iacob's intentional infliction of emotional distress claim because Iacob failed to raise a genuine dispute of material fact as to whether appellee engaged in extreme and outrageous conduct or whether Iacob suffered severe or extreme emotional distress. *See Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983) (setting forth elements of intentional infliction of emotional distress claim under Nevada law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**