**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL S. KING,

Plaintiff-Appellant,

v.

CITY OF HENDERSON,

Defendant-Appellee.

No. 22-15451

D.C. No.
2:19-cv-01129-JAD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 9, 2023
Las Vegas, Nevada

Before: GRABER, BENNETT, and DESAI, Circuit Judges.

Plaintiff Daniel King appeals the district court's entry of summary judgment

in favor of Defendant City of Henderson on his claims of color discrimination and

retaliation under Title VII of the Civil Rights Act of 1964, and color discrimination

under Nevada Revised Statutes section 613.330(1). Plaintiff, a light-skinned

African-American police officer, alleges that he was reassigned from the training

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

unit to a patrol position because of his skin color. Plaintiff asserts that Chief of Police LaTesha Watson, a dark-skinned African-American woman, and her administration engaged in color discrimination against Plaintiff and then retaliated against him when he vocalized his complaints of bias. We review de novo, Sulyma v. Intel Corp. Inv. Pol'y Comm., 909 F.3d 1069, 1072 (9th Cir. 2018), aff'd, 140 S. Ct. 768 (2020), and affirm.

1. First, Plaintiff challenges the district court's ruling that any aspect of his claim that is based on his March 2018 meeting with Chief Watson is time-barred. Under 42 U.S.C. § 2000e–5(e)(1), an employee must file a charge with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful employment practice occurs. Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998). But if an employee "first institutes proceedings with a state or local agency with authority to grant or seek relief from such practice," the limitations period for filing a charge is 300 days. Id. (citation and internal quotation marks omitted). Although the March 2018 meeting cannot provide an independent ground for Plaintiff's claims because it occurred outside the applicable limitations period, it provides evidentiary support for his timely claims. Thus, under the "continuing violation doctrine," the meeting should be considered as part of his discrimination claim. See id. ("[E]vents occurring outside the

limitations period may be considered as a basis for the claim so long as those events are part of an ongoing unlawful employment practice.").

2. We examine Plaintiff's discrimination claims[1] under the McDonnell Douglas burden-shifting framework. See Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 691 (9th Cir. 2017) (setting forth the elements of a prima facie case of discrimination under Title VII). We do not dispute that Plaintiff has experienced colorism in the past or that he genuinely believes that his reassignment was motivated by colorist animus. Nonetheless, Plaintiff failed to establish a prima facie case of discrimination. The record contains no evidence that any similarly situated individual outside his protected class was treated more favorably. See Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." (emphasis added)). Nor does the record contain other evidence that gives rise to an inference of discrimination.

Even if Plaintiff could establish a prima facie case of discrimination, the record contains no evidence that Defendant's legitimate, nondiscriminatory reasons for the reassignment—Plaintiff's conduct that was perceived as insubordinate and

---

[1] Nevada law dictates that Plaintiff's state law discrimination claim be analyzed under the same principles applied to Title VII claims. Apececbe v. White Pine County, 615 P.2d 975, 977–78 (Nev. 1980).

Plaintiff's lack of compatibility with the new administration's use-of-force philosophy—were pretextual. See id. at 642 (explaining that circumstantial evidence of pretext must be "specific and substantial"). Accordingly, we affirm as to Plaintiff's federal and state discrimination claims.

3. With respect to Plaintiff's retaliation claim under Title VII, we also affirm. See Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000) (setting forth the elements of a prima facie case of retaliation under Title VII). The record does not establish a causal link between Plaintiff's complaints of bias and his reassignment. Indeed, the record does not show that the superior officers who were responsible for his reassignment even knew about his complaints of colorism to other individuals. See Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) (noting that the employee "fail[ed] to point to any evidence in the record supporting her assertion that . . . the particular principals who made the allegedly retaliatory hiring decisions, in fact were aware of her complaints" and holding that "[w]ithout any such evidence, there is no genuine issue of material fact" (emphasis omitted)), as amended on denial of reh'g, (May 8, 2003). Because there is no evidence that the officers who reassigned Plaintiff knew about his complaints of colorism, no reasonable jury could find that a retaliatory intent "more likely motivated the employer" than the legitimate reasons Defendant has provided for Plaintiff's reassignment, or that Defendant's "proffered

4

explanation is unworthy of credence." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

4. Finally, Plaintiff argues that the district court erred when it failed to strike two exhibits from Defendant's Motion for Summary Judgment: (1) the investigative report prepared by Core4 Consulting regarding Plaintiff's discrimination claims, and (2) portions of Deputy Chief Thedrick Andres' declaration. Because Plaintiff fails to demonstrate that the court's failure to strike those exhibits resulted in prejudice, we affirm. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("[W]e must affirm the district court unless its evidentiary ruling was manifestly erroneous and prejudicial.").

**AFFIRMED.**