OPINION
Per Curiam:
The district court permanently enjoined State Farm Mutual Automobile Insurance Company (“State Farm”) from: (1) making derogatory, denigrating and/or disparaging remarks about the *927 integrity or competency of Jafbros Auto Body Shop; (2) using a form letter which notifies policyholders that Jafbros Auto Body Shop is not on State Farm’s list of preferred shops, and that this may limit State Farm’s ability to assist the policyholder if there are problems with the cost or quality of repairs; and (3) informing insureds or claimants that Jafbros Auto Body Shop is not on the list of preferred shops unless the notice is accompanied by a disclaimer which states that State Farm has no evidence that Jafbros’ services are inferior to those of shops on the preferred list. We reverse the order of the district court imposing an injunction because, on the present record, there is no indication that State Farm’s conduct in any way infringed upon Jafbros’ rights.
At the hearing in district court evidence was presented that Jafbros Incorporated (“Jafbros”) runs a reputable, competent automobile repair shop. As part of an effort to provide vehicle owners with quality repair services at the lowest possible rates, State Farm surveys automobile repair shops and invites qualified shops to sign a form pledging to meet certain criteria regarding repairs, inspections and billing practices. Although qualified and invited to do so, Jafbros refused to sign the form. Consequently, State Farm took measures which tended to discourage vehicle owners from engaging Jafbros’ services.
State Farm places repair shops which pledge to follow the criteria on a preferred list. State Farm provides this list to vehicle owners who request a reference for repair work. If a vehicle owner chooses a repair shop which is not on State Farm’s list, a State Farm representative advises the vehicle owner by telephone that the repair shop is not on its preferred list. State Farm then sends a letter to the vehicle owner which explains that the owner is entitled to choose any repair shop, but that the shop chosen has not agreed to the guidelines which State Farm considers “essential to ensure quality repairs.” The letter states that State Farm may not be able to assist the vehicle owner as effectively if the shop does not meet the owner’s expectations, and that State Farm will not pay more than its own estimate for the repairs.
Jafbros presented evidence that on some occasions State Farm’s representatives made false and disparaging remarks about Jafbros to vehicle owners, and that State Farm attempted to discourage patronage of Jafbros by needlessly complicating the claims adjustment process.
Jafbros brought an action against State Farm, claiming that in numerous instances State Farm’s conduct constituted an intentional interference with contract rights or intentional interference with prospective economic advantage. With the consent of the *928 parties, the district court convened a preliminary hearing to determine for each instance whether Jafbros could offer evidence sufficient to establish a prima facie case. The district court ruled that “[o]f the dozens of cases complained of,” only four cases merited presentation to a jury. The district court also ruled that Jafbros was entitled to a permanent injunction against State Farm. On April 27, 1992, the district court entered its order enjoining State Farm.
It is axiomatic that a court cannot provide a remedy unless it has found a wrong. “[T]he existence of a right violated is a prerequisite to the granting of an injunction.” 43 C.J.S. § 18 Injunctions (1978). Accordingly, an injunction will not issue “to restrain an act which does not give rise to a cause of action . . . .” Id. “Permanent injunctive relief is available where there is no adequate remedy at law . . . , where the balance of equities favors the moving party, and where success on the merits has been demonstrated.'” 43 C.J.S. Injunctions § 16 (emphasis added). In Guion v. Terra Marketing of Nev., Inc., 90 Nev. 237, 240, 523 P.2d 847, 848 (1974) (emphasis added), this court stated: “Equity will . . . restrain tortious acts where it is essential to preserve a business or property interests and also restrain the publication of false and defamatory words where it is the means or an incident of such tortious conduct.”
In the instant case, the district court acknowledged that State Farm’s procedure for establishing its preferred list of repair shops, and the attendant consequences of the list, are not per se actionable. However, the district court ruled that these procedures, in combination with other remarks or practices of State Farm representatives, were sufficient so that the finder of fact could find that some of State Farm’s conduct was tortious. The district court did not find as a matter of fact that State Farm’s conduct was tortious, nor could it make such a finding on the basis of the preliminary hearing.
Thus, the instant case comes before this court in an unusual posture. There has been no trial on the merits and no finding of liability, nor has the district court entered a judgment against State Farm. Furthermore, Jafbros has stipulated to a dismissal of its claims for damages, leaving no prospect for a future trial.
In Fox v. City of West Palm Beach, 383 F.2d 189 (5th Cir. 1967), the Fifth Circuit Court of Appeals entertained a case in a similar posture. In Fox, appellant sued for a permanent injunction against respondent. Id. at 191. During the testimony of appellant’s first witness, the district court raised the issue of the *929 propriety of injunctive relief, and sua sponte entered an order denying injunctive relief. Id. at 194. The Fifth Circuit Court of Appeals reversed the order denying injunctive relief, stating that even if appellant’s prospects for proving entitlement to an injunction are poor, “he ought to be given the opportunity to try his case and submit his evidence . ...” Id.
We conclude that the order of the district court granting a permanent injunction was premature. At this juncture in the case, it is not clear that State Farm’s conduct was tortious, and in any event the district court must afford State Farm the opportunity to present a defense. Accordingly, we reverse the order of the district court enjoining State Farm and we remand the case for a trial on the merits.
Because the district court has not met the prerequisites for granting any permanent injunctive relief, we need not reach the issue of whether the relief granted was overbroad.
We reverse the order of the district court enjoining State Farm from employing business practices related to its list of preferred repair shops, and we remand the case for further proceedings.