An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

FERRILL JOSEPH VOLPICELLI,
Appellant,
vs.
ROBERT LEGRAND; ERIK K.
MCDANIEL; ALBERT PERALTA;
HOWARD SKOLNIK; THE STATE OF
NEVADA; AND NEVADA
DEPARTMENT OF CORRECTIONS,
Respondents.

No. 64045

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a complaint in a civil rights action. Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

Appellant filed a civil rights complaint in the district court asserting that respondents failed to reduce his sentence with credits earned for taking educational courses and that respondents improperly took money from his prison account. Respondents moved to dismiss the complaint for failure to state a claim upon which relief could be granted, and the district court granted that motion. This appeal followed.

With regard to the dismissal order, because the district court relied on matters outside of the pleadings, we construe it as an order granting summary judgment. *See Witherow v. Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007). We review a grant of summary judgment de novo. *Wood v. Safeway*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Having reviewed appellant's arguments and the record on appeal, we affirm the district court's order.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24016

First, the district court correctly determined that appellant's claim alleging that his sentence must be reduced can only be brought in a habeas corpus action. NRS 34.724(2)(c) (providing that a petition for habeas corpus "[i]s the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction"); *see Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (recognizing that an inmate seeking to challenge the denial of credits to reduce his sentence "must proceed in habeas corpus"). Thus, respondents were entitled to judgment as a matter of law on that claim.[1]

Second, the district court correctly determined that appellant's claim regarding his prison account was subject to claim preclusion as appellant had raised the same allegations in a justice court action.[2] Claim preclusion applies when (1) "the parties or their privies are the same," (2) there is a valid final judgment, and (3) the subsequent action involves "the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008). On appeal, appellant does not dispute that the parties in the justice court action and the instant action

---

[1]In light of this conclusion, we need not consider the additional grounds identified by the district court for granting judgment in favor of respondents on this claim.

[2]The district court order and civil proper person appeal statement use the terms "res judicata," "issue preclusion," and "claim preclusion" interchangeably. The use of "res judicata" was disavowed by this court in favor of "issue preclusion" and "claim preclusion," with the latter two being two distinct doctrines. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008). In this case, the district court properly applied the test for claim preclusion in holding that the appellant's claim was barred.

are privies of one another or that the justice court judgment is a valid final judgment. Rather, he argues that claim preclusion cannot apply because he did not raise constitutional arguments in the justice court action. The fact that appellant has put forth new legal theories, in this case constitutional theories, does not prevent the application of claim preclusion when the new theories are based on the same conduct alleged in the justice court case. *See Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. ___, ___, 321 P.3d 912, 915 (2014) ("[A]ll claims based on the same facts and alleged wrongful conduct that were or could have been brought in the first proceeding are subject to claim preclusion." (internal quotation marks omitted)). Thus, respondents were also entitled to judgment as a matter of law on appellant's second claim.

Finally, appellant argues that respondents failed to make any arguments in the district court regarding his request for injunctive relief. Because respondents were entitled to judgment as a matter of law on both of appellant's claims, however, injunctive relief was inappropriate. *See State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993) ("The existence of a right violated is a prerequisite to the granting of an injunction. Accordingly, an injunction will not issue to restrain an act which does not give rise to a cause of action." (internal quotation marks and citation omitted)). For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michael Montero, District Judge
Ferrill Joseph Volpicelli
Attorney General/Carson City
Pershing County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A