# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL L. GERBER, H.M.D.,
Appellant,
vs.
THE STATE OF NEVADA EX REL. ITS
BOARD OF PHARMACY, A
GOVERNMENTAL ENTITY,
Respondent.

No. 78809

FILED

MAR 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a declaratory relief action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.[1]

Respondent the State of Nevada Board of Pharmacy (Pharmacy Board) initiated an administrative action against appellant Michael L. Gerber, H.M.D. regarding his pharmaceutical licenses. *See* NRS 639.241 (providing that the Pharmacy Board initiates an action to adjudicate a pharmacist's licenses by filing an "accusation . . . of the charges alleged"). While that case was pending, Gerber surrendered his licenses by mailing them to the Pharmacy Board and asking the Board to cancel them. Based on this, the Pharmacy Board cancelled the licenses and notified Gerber that his surrender constituted disciplinary action pursuant to NRS 233B.121(6) (providing that "[t]he voluntary surrender of a license in a contested case shall be deemed to constitute disciplinary action against the licensee"). The Pharmacy Board later denied Gerber's requests to return or renew the licenses, and Gerber filed an action in district court seeking declaratory and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-10518

injunctive relief to return his licenses and to bar the Pharmacy Board from applying NRS 233B.121(6) against him. The parties filed competing motions for summary judgment with Gerber arguing that the Pharmacy Board's application of NRS 233B.121(6) deprived him of his due process right to a hearing before imposing discipline. The district court entered judgment in favor of the Pharmacy Board, finding that due process was not implicated because Gerber voluntarily surrendered his licenses. Reviewing de novo, *see Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 618, 173 P.3d 707, 711 (2007), we agree.

The Due Process Clauses of the United States and Nevada Constitutions protect individuals from state actions that deprive them of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(5). This court has held that an individual is not deprived of due process simply because the Legislature enacted a challenged statute; rather, the state must have "created a right or privilege that caused the deprivation." *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 133 Nev. 28, 31, 388 P.970, 973 (2017) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)). Here, the statute did not cause Gerber to be deprived of his licenses; he voluntarily surrendered them.[2] The district court therefore did not err in finding that due process was not implicated. To avoid this result,

---

[2]And, while Gerber argues he will be deprived of a hearing, the Pharmacy Board has indicated that it will still conduct a hearing regarding the accusation as required by law. *See* NRS 622A.300(4)-(6) (providing for hearings in certain administrative cases when a party contests the agency's allegations); NRS 639.243, .244, .245 (providing the hearing requirements for litigating contested accusations before the Pharmacy Board); NRS 233B.121 (explaining procedures for hearings in a contested case before an administrative agency).

Gerber urges that he did not voluntarily surrender his licenses, but that he did so at the Pharmacy Board's suggestion and for its convenience. To the extent that Gerber asks this court to reverse based on the district court's contrary finding, we decline to do so, as the record provides substantial evidentiary support for the district court's finding. *See Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev. 834, 838, 335 P.3d 211, 213 (2014) (recognizing that this court will not disturb a district court's factual finding that is supported by substantial evidence).

We also conclude that the district court did not err by finding that NRS 233B.121(6) applied to appellant's situation. *See Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010) ("Appellate issues involving a purely legal question are reviewed de novo."). The plain text of NRS 233B.121(6) provides that it applies when a licensee voluntarily surrenders a license in a contested case. *See McKay v. Bd. of Supervisors*, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) ("[W]ords in a statute should be given their plain meaning unless [it] violates the spirit of the act."); *see also* NRS 639.244 (providing how a pharmacist can contest an accusation filed by the Pharmacy Board). That is precisely what occurred here; Gerber had a contested case pending regarding his licenses, and he chose to surrender his licenses rather than submit to ongoing Pharmacy Board inspections during the pendency of that case.[3] And, because Gerber's substantive claims fail,

---

[3]We are not persuaded by Gerber's assertion that his surrender was not "in a contested case" because it did not occur in the context of negotiations regarding the pending case against him. And, to the extent he asked the district court to order the Pharmacy Board to return the licenses he voluntarily surrendered, we find no legal authority, and he cites none, to support that request such that the district court did not err in denying it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d

he is necessarily not entitled to injunctive relief. *See State Farm Mut. Auto. Ins. Co. v. Jafbros, Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993) (observing that "a court cannot provide a remedy unless it has found a wrong" and that "an injunction will not issue to restrain an act which does not give rise to a cause of action" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Silver

cc:    Hon. Scott N. Freeman, District Judge
Robert L. Eisenberg, Settlement Judge
Jeffrey A. Dickerson
S. Paul Edwards
W. Brett Kandt
Washoe District Court Clerk

---

1280, 1288 n.38 (2006) (noting that a party is responsible for supporting its arguments with relevant authority).