IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD GOLDMAN, ED.D., AN INDIVIDUAL,

Appellant,

vs.

CLARK COUNTY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; WILLIAM PATRICK SKORKOWSKY, AS FORMER SUPERINTENDENT OF THE CLARK COUNTY SCHOOL DISTRICT; WILLIAM PATRICK SKORKOWSKY, AN INDIVIDUAL; DEANNA WRIGHT, AS PRESIDENT OF THE BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT; DEANNA WRIGHT, AN INDIVIDUAL; CAROLYN EDWARDS, AS VICE-PRESIDENT OF THE BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT; CAROLYN EDWARDS, AN INDIVIDUAL; CARLOS MCDADE, AS FORMER GENERAL COUNSEL OF THE CLARK COUNTY SCHOOL DISTRICT; CARLOS MCDADE, AN INDIVIDUAL; JESUS F. JARA, ED.D., AS CURRENT SUPERINTENDENT OF THE CLARK COUNTY SCHOOL DISTRICT; AND JESUS F. JARA, ED.D., AN INDIVIDUAL,

Respondents.

No. 78282

FILED

SEP 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

EDWARD GOLDMAN, ED.D., AN INDIVIDUAL,

Appellant,

vs.

CLARK COUNTY SCHOOL DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; WILLIAM PATRICK SKORKOWSKY, AS FORMER SUPERINTENDENT OF THE CLARK COUNTY SCHOOL DISTRICT;

No. 78822

 

20-34453

WILLIAM PATRICK SKORKOWSKY, AN INDIVIDUAL; DEANNA WRIGHT, AS PRESIDENT OF THE BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT; DEANNA WRIGHT, AN INDIVIDUAL; CAROLYN EDWARDS, AS VICE-PRESIDENT OF THE BOARD OF TRUSTEES OF THE CLARK COUNTY SCHOOL DISTRICT; CAROLYN EDWARDS, AN INDIVIDUAL; CARLOS MCDADE, AS FORMER GENERAL COUNSEL OF THE CLARK COUNTY SCHOOL DISTRICT; CARLOS MCDADE, AN INDIVIDUAL; JESUS F. JARA, ED.D., AS CURRENT SUPERINTENDENT OF THE CLARK COUNTY SCHOOL DISTRICT; AND JESUS F. JARA, ED.D., AN INDIVIDUAL, Respondents.

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

These are consolidated appeals from district court orders granting motions to dismiss and awarding attorney fees and costs.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Edward Goldman, an administrator with the Clark County School District (CCSD), filed an amended complaint against the CCSD, CCSD employees, and members of the CCSD Board of Trustees (collectively, respondents), alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, civil conspiracy, and retaliation in violation of Nevada's False Claims Act. He also sought declaratory relief and a preliminary injunction. The amended complaint

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

alleged that, after a former employee of the CCSD sent a letter to various members of the media and the Board of Trustees alleging misconduct by Goldman, respondents initiated an investigation into the alleged misconduct and assigned Goldman to work from home while the investigation was pending. Goldman asserted that respondents' actions and public comments with respect to the investigation and his employment status damaged his reputation and placed him in a false light and that his assignment to work from home was effectively a suspension or demotion and was done in violation of his due process rights and in retaliation for his protected whistleblowing activities.

Respondents filed an anti-SLAPP special motion to dismiss, arguing that their statements regarding the investigation and Goldman's employment were protected good-faith communications and that Goldman's claims lacked merit. They also moved to dismiss the complaint pursuant to NRCP 12(b)(5) for failure to state a claim. The district court granted the motions to dismiss and awarded respondents attorney fees and costs. Goldman appeals the dismissal of his action and the award of attorney fees and costs.

*The district court did not err in granting the anti-SLAPP special motion to dismiss*

Goldman argues on appeal that the district court erred in granting the anti-SLAPP motion because respondents did not meet their burden of showing that their statements were protected good-faith communications and because Goldman demonstrated a likelihood of prevailing on the merits of his claims. We disagree. We review de novo the district court's decision regarding an anti-SLAPP motion. *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019). Under the two-prong, burden-shifting framework of our anti-SLAPP statutes, the defendants must first demonstrate by a preponderance of the evidence that the plaintiff's claim

SUPREME COURT
OF
NEVADA

(O) 1947A

3

arises from a protected good-faith communication. NRS 41.660(3)(a). A "good faith communication," as relevant here, is one "made in direct connection with an issue of public interest in a place open to the public or in a public forum," and which "is truthful or is made without knowledge of its falsehood." NRS 41.637(4). If the defendants meet their burden under prong one, the burden shifts to the plaintiff to demonstrate "with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

*Respondents proved by a preponderance of the evidence that their communications were protected good-faith communications*

Goldman first argues that the statements at issue are not protected under the anti-SLAPP statutes because they involved a confidential personnel matter and were not made in direct connection with an issue of public interest. We disagree. The district court considered the relevant principles for determining whether the issue is of public interest and found that because CCSD is a political subdivision that "employs a substantial number of people and is responsible for the welfare of the children who attend CCSD schools," the allegations of misconduct in the letter and any resulting investigation is something of concern to a substantial number of people that goes beyond mere curiosity and is of public interest. *See Shapiro v. Welt*, 133 Nev. 35, 39-40, 389 P.3d 267, 268 (2017) (adopting California's guiding principles for whether an issue is of public interest). We agree with the district court's conclusion that allegations of misconduct by a high-ranking CCSD administrator is a matter of public interest, and thus respondents' statements about the allegations and their investigation into those allegations were made in direct connection with an issue of public interest.

Goldman next argues that respondents' statements were not made in a place open to the public or in a public forum. His argument is that those statements were made privately behind closed doors to the CCSD

Supreme Court
of
Nevada

(O) 1947A

4

Board of Trustees and to individual reporters. However, his claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress are based on the publication of those statements in the *Las Vegas Review-Journal* and on a trustee's Facebook page, which are public fora. Goldman also argues that the allegations in the letter were not communicated in a public forum because the letter was sent in an email by a private party to a small number of individuals; however, the allegations in the letter are not the communications underlying Goldman's claims against respondents, as respondents neither made those allegations nor republished them.[2] Thus, we conclude that the communications attributable to respondents were made in a public forum.

Goldman also argues that respondents failed to demonstrate that their statements were either "truthful or made without knowledge of [their] falsehood." NRS 41.637. He contends that respondents were required to show that they believed the statements in the letter, which alleged misconduct by him, were true. The statements in the letter, however, are not attributable to respondents and do not serve as the basis for Goldman's claims against respondents. Rather, the communications attributable to respondents were that CCSD was conducting an investigation into the allegations in the letter, that Goldman would remain on the job during the investigation, and that he would work from home. Respondents provided declarations stating that these statements were truthful, and Goldman did not demonstrate nor does he contend on appeal that they were false. *See Stark v. Lackey*, 136 Nev. 38, 43, 458 P.3d 342, 347 (2020) (holding that affidavits are sufficient to meet a defendant's

---

[2]The individual who wrote the letter was named as a defendant in Goldman's complaint but was never served and was ultimately dismissed as a defendant.

SUPREME COURT
OF
NEVADA

(O) 1947A

burden under prong one absent contradictory evidence in the record). We therefore conclude that respondents showed that their statements were truthful or made without knowledge of their falsity. Accordingly, the district court did not err in finding that respondents met their burden under the first prong of the anti-SLAPP analysis.

*Goldman did not prove with prima facie evidence a probability of prevailing on his claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress*

Because respondents satisfied prong one of the anti-SLAPP analysis, Goldman had to show that each of his claims had minimal merit. *Abrams v. Sanson*, 136 Nev. 83, 91, 458 P.3d 1062, 1069 (2020). We conclude that the district court did not err in determining that Goldman failed to do so.

Goldman's claims of defamation and false light invasion of privacy lacked minimal merit because Goldman failed to demonstrate that any of respondents' statements were false. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 714-15, 57 P.3d 82, 87-88 (2002) (defining defamation as "a publication of a false statement of fact" and further clarifying that "a statement [is not] defamatory if it is absolutely true, or substantially true"); *Abrams*, 136 Nev. at 92 & n.5, 458 P.3d at 1070 & n.5 (recognizing that a false light invasion of privacy claim requires that the actor had knowledge of or recklessly disregarded the falsity of the publicized matter). Goldman contends that he was nevertheless defamed and placed in a false light because respondents' statements implied that they either had tangible evidence against him or that he was a potential physical danger to employees or students, which was false. The record demonstrates that respondents initially communicated to the media that Goldman would remain on the job, as it was not CCSD's "practice to put employees on paid leave unless we have substantiated evidence against them or they are a

potential physical danger to employees or students," but then several months later, respondents communicated that Goldman was being "assigned to home until the outside investigation is complete." We disagree with Goldman that these statements defamed him or portrayed him in a false light, as they do not suggest that Goldman was placed on "paid leave" or suspended when he was assigned to work at home during the pendency of the investigation. We further conclude that Goldman did not show minimal merit supporting his claim of intentional infliction of emotional distress, as he did not show "extreme and outrageous conduct beyond the bounds of decency." *Abrams*, 136 Nev. at 91, 458 P.3d at 1069. Therefore, Goldman failed to meet his burden under the second prong of the anti-SLAPP analysis, and we conclude that the district court did not err in granting the anti-SLAPP motion and dismissing Goldman's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress.[3]

*The district court did not err in dismissing the remaining claims pursuant to NRCP 12(b)(5)*

Goldman argues that the district court erred in dismissing his claims of civil conspiracy, retaliation in violation of the False Claims Act, declaratory relief, and injunctive relief. We review de novo an order granting an NRCP 12(b)(5) motion to dismiss, accepting all factual allegations in the complaint as true and drawing all inferences in the

---

[3]Goldman contends that, before granting the anti-SLAPP motion, the district court should have granted limited discovery pursuant to NRS 41.660(4) so that he could have deposed respondents regarding the procedures and reasons for ordering the investigation. We conclude the district court properly denied his request for additional discovery because he did not demonstrate that this information would have assisted with his claims.

plaintiff's favor. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

*Civil conspiracy*

Goldman alleged in his amended complaint that respondents committed civil conspiracy because they acted in concert to defame him, portray him in a false light, and intentionally inflict emotional distress upon him. Because Goldman's claims of defamation, false light, and intentional infliction of emotional distress lacked merit and were properly dismissed, we conclude the district court also properly dismissed his civil conspiracy claim. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (providing that a civil conspiracy requires, among other things, a "concerted action, intend[ed] to accomplish an unlawful objective for the purpose of harming another" (internal quotation marks omitted)).

*Retaliation under the False Claims Act*

Goldman alleged that respondents retaliated against him for his efforts to stop a violation of Nevada's False Claims Act (FCA), and thus he was entitled to the remedies set forth in NRS 357.250(1). The district court dismissed Goldman's retaliation claim without prejudice because Goldman did not comply with the procedural prerequisites set forth in NRS 357.080. We conclude this was error. Nevada's FCA, which is modeled on the federal False Claims Act, is intended to encourage private citizens to "disclose information regarding wrongful claims for governmental funds." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). The FCA grants private parties the right to file a civil action for false claims on behalf of the state or political subdivision, NRS 357.080, and also provides for a private right of action for an individual whose employer retaliated against him for any lawful act "in furtherance of

an action brought pursuant to this chapter or any other effort to stop a violation of this chapter," NRS 357.250(1).

NRS 357.080 sets forth special procedures that apply when a private party files an action alleging false claims. These special procedures are intended to "afford the government the opportunity to intervene and assume primary control over the litigation." *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1086 (11th Cir. 2018), *aff'd*, 139 S. Ct. 1507 (2019). For example, the complaint must be sent to the Attorney General and placed under seal for at least 60 days until the Attorney General has decided whether to intervene. NRS 357.080(4), (5).

Nothing in NRS 357.080 suggests that those procedures apply to a cause of action brought under NRS 357.250, nor does NRS 357.250 specify any such procedures. Moreover, because a retaliatory claim is personal to the plaintiff, whereas a fraud claim effectively belongs to the state or local government, the procedural requirements applicable to the fraud claim have no function with respect to a retaliation claim. *Cf. United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 306 (4th Cir. 2017) (explaining that statutory rules governing the filing of a federal false claims action do not apply to claims of retaliation). Therefore, based on the statutory language of NRS 357.080 and NRS 357.250, as well as the distinct causes of action provided therein, we conclude that the procedural requirements of NRS 357.080 do not apply to a claim of retaliation brought pursuant to NRS 357.250. Accordingly, we reverse the district court's dismissal of Goldman's FCA retaliation claim and remand for further proceedings.[4]

---

[4]Respondents argue that this court may affirm the dismissal of this claim on the alternative ground that Goldman never established the

*Declaratory relief*

Goldman sought a declaration that respondents failed to follow the proper procedure for investigating and disciplining an administrator and failed to provide him with a hearing and due process before assigning him to work from home, as required by the CCASAPE collective bargaining agreement and NRS 391.760. Goldman argues that the district court erred in dismissing his claim for declaratory relief because he demonstrated that he had rights under both the CCASAPE agreement and NRS Chapter 391.

Declaratory relief is available only when "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998). Under NRS 30.080, a district court may refuse to enter a declaratory judgment if it "would not terminate the uncertainty or controversy giving rise to the proceeding." We conclude the district court did not err in dismissing Goldman's request for declaratory relief, as none of the causes of action pleaded in Goldman's complaint depended on or concerned his rights under the CCASAPE agreement or NRS Chapter 391. Thus, a declaratory judgment would not have terminated the controversy giving rise to the action. Furthermore, because Goldman's rights under the agreement and NRS Chapter 391 did not relate to the pleaded causes of action, they were not ripe for judicial determination. Accordingly, the district court properly dismissed the request for declaratory relief.

---

existence of an FCA action for fraud against respondents. However, NRS 357.250(1) does not condition a claim of retaliation on the filing of an FCA action for fraud; rather, it requires a lawful act "in furtherance of an action brought pursuant to [the FCA] or any other effort to stop a violation of [the FCA]."


SUPREME COURT
OF
NEVADA


(O) 1947A

*Injunctive relief*

Goldman sought injunctive relief for the same reasons he sought declaratory relief. He requested that the district court require respondents to retract his work-from-home assignment and provide him with meaningful work; to conduct the investigation in accordance with due process and CCSD's regulations, policies, and negotiated agreements; and to retract and refrain from making any communications that defame him or place him in a false light. Goldman argues that he demonstrated irreparable harm in both his complaint and his separately filed petition for a preliminary injunction, and the district court erred in finding otherwise.

"A preliminary injunction is proper where the moving party can demonstrate that [he] has a reasonable likelihood of success on the merits and that, absent a preliminary injunction, [he] will suffer irreparable harm for which compensatory damages would not suffice." *Excellence Cmty. Mgmt. v. Gilmore*, 131 Nev. 347, 350-51, 351 P.3d 720, 722 (2015). A prerequisite to the granting of injunctive relief is "[t]he existence of a right violated," and thus an injunction is not appropriate "to restrain an act which does not give rise to a cause of action." *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993) (internal quotation marks omitted). To the extent Goldman sought injunctive relief to remedy his claims of defamation and false light, he failed to demonstrate that those claims had a reasonable likelihood of success on the merits. As to the remaining allegations underlying his request for injunctive relief, the district court properly found that those allegations, like the ones underlying his request for declaratory relief, did not give rise to an independent cause of action pleaded in the complaint. Furthermore, Goldman's allegations that he suffered irreparable harm to his reputation do not demonstrate prospective irreparable harm, as required for injunctive relief, and he failed

Supreme Court
OF
Nevada

(O) 1947A

11

to show that compensatory damages would be an inadequate remedy for harm in the form of mental distress. *See Excellence Cmty. Mgmt.*, 131 Nev. at 350-51, 351 P.3d at 722. Accordingly, we conclude that the district court did not abuse its discretion in dismissing the request for an injunction.[5] *See id.* at 351, 351 P.3d at 722 (reviewing a district court's decision to deny a preliminary injunction for an abuse of discretion).

*The district court did not err in awarding attorney fees and costs*

Goldman argues that the district court erred in awarding attorney fees and costs for work that was not associated with the anti-SLAPP motion. We conclude that Goldman has failed to demonstrate any error by the district court.

NRS 41.670 requires the district court to award reasonable attorney fees and costs to a defendant when the court grants an anti-SLAPP motion. Here, the district court found that, pursuant to NRS 41.670, respondents were entitled to recover attorney fees and costs incurred in obtaining the dismissal of Goldman's complaint because they were the prevailing party and because the facts and legal arguments in the NRCP 12(b)(5) motion were intrinsically intertwined with those in the anti-SLAPP motion. The district court also found that those attorney fees and costs, as well as the fees incurred with respect to Goldman's petition for a writ of mandamus or an injunction, were separately recoverable under NRS 18.010(2) because respondents were the prevailing party and were forced to defend claims that lacked a reasonable legal basis. Goldman makes no cogent argument regarding the district court's findings that the fees and

---

[5]For the same reasons that we conclude the district did not err in dismissing Goldman's requests for declaratory and injunctive relief in his complaint, we also conclude the district court did not err in denying Goldman's petition for a writ of mandamus or alternatively a preliminary injunction.

SUPREME COURT
OF
NEVADA

(O) 1947A

costs with respect to the NRCP 12(b)(5) motion were recoverable under NRS 41.670. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). While Goldman appears to contend that the district court's award of fees under NRS 18.010(2) was erroneous because respondents never relied on that statute in their motion for fees, Goldman provides no legal authority to support his contention. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38 (declining to consider issues when relevant authority is not presented); *see also* NRS 18.010(3) (providing that the court may award attorney fees without written motion). Accordingly, we conclude that Goldman fails to demonstrate that the award of fees and costs was an abuse of discretion. *See Edwards*, 122 Nev. at 330, 130 P.3d at 1288 (reviewing a district court award of attorney fees for a "manifest abuse of discretion" (internal quotation marks omitted)).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Nancy L. Allf, District Judge
Ara H. Shirinian, Settlement Judge
Kravitz Schnitzer Johnson, A Professional Corporation/Las Vegas
Marquis Aurbach Coffing
The Powell Law Firm
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A